473 So.2d 795 (1985)
John Henry BUFFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 84-462.
District Court of Appeal of Florida, Fifth District.
August 8, 1985.
James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Bufford appeals from a judgment and sentence for aggravated battery. He contends that the trial court erred in giving, over objection, an instruction in response to an inquiry from the jury. He maintains that the instruction in effect directed a verdict of guilty. We disagree and affirm.
During the course of the jury's deliberations, the following written questions were propounded to the trial judge:
The members of the jury would like to know...
Is the only difference between 1) aggravated battery and 2) battery the fact that a deadly weapon was used? If we could not agree or find the defendant guilty of aggravated battery could we still find him guilty of battery even though he apparently used what we all agree is a deadly weapon?
The trial judge formulated the following response:
If you find the defendant guilty of any offense, it must be for the highest offense established by the evidence, and that would be it  well, the highest offense or the most severe offense that you feel the evidence supports.
Bufford's counsel objected to this instruction stating:
Your Honor, for the record I want to enter my objection to the discussion that we had in chambers, and I object to the reading of the offenses on the grounds that it sort of infringes on the jury's rights to go back there and decide to do whatever they feel is right; and it sort of directs them to find him guilty, when we all know that they have the ability to do something otherwise.
The trial judge's instructions did not direct a verdict of guilty in favor of the state; it did, however, raise questions as to the role that a "jury pardon" plays in our system of justice. The question of a pardon power on the part of a jury usually arises in the instances where the jury has returned verdicts that are apparently inconsistent.
In the leading case of Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), the majority of the Supreme Court, speaking through Justice Holmes, held that "consistency in the verdict is not necessary." 284 U.S. at 393, 52 S.Ct. at 190. Quoting from Steckler v. United States, 7 F.2d 59, 60 (2d Cir.1925), the Court stated:

*796 The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity... . (citation omitted) That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters.
284 U.S. at 393-94, 52 S.Ct. at 190-91.
The jury pardon concept is a well-accepted principle throughout the majority of jurisdictions. See Manning v. State, 93 So.2d 716 (Fla. 1957), Goodwin v. State, 157 Fla. 751, 26 So.2d 898 (1946) ("Fundamentally, the law has never condemned a verdict for inconsistency."); 4 Wharton's Criminal Procedure, § 575 (C. Torcia ed. 1976); Annot, 18 A.L.R.3d 259 (1968). In Florida, courts have observed that an inconsistency in verdicts is the price for investing the jury with mercy dispensing powers. See Reeder v. State, 399 So.2d 445 (Fla. 5th DCA 1981); Damon v. State, 397 So.2d 1224 (Fla. 3d DCA 1981). Further, the preservation of the jury "pardon power" is the basis for the rule that the jury must be charged on all necessarily lesser included offenses. See State v. Thomas, 362 So.2d 1348 (Fla. 1978); Cannon v. State, 456 So.2d 513 (Fla. 5th DCA 1984).
In sum, the pardon power allows the jury to "`temper ... justice with mercy' if such be warranted, it can reduce the charge." Potts v. State, 430 So.2d 900, 903 (Fla. 1982), (quoting J. Milton, Paradise Lost, in 32 Great Books of the Western World, 276 (1952). As stated by one commentator:
The laws state the duties and liabilities in black and white terms. Human actions are frequently not as clean-cut. Judges themselves sometimes undertake, in sentencing, the search for a middle ground between the absolutes of conviction and acquittal. To deny the jury's share in this endeavor is to deny the essence of the jury's function which is finding a solution for those occasional hard cases in which `law and justice do not coincide.'
Bickel, Judges and Jury  Inconsistent Verdicts in Federal Courts, 63 Harv.L. Rev. 649, 651-52 (1950). See also Tucker v. State, 417 So.2d 1006, n. 10 at 1010 (Fla. 3d DCA 1982).
The requirement that the jury be charged on lesser included offenses is solely based on the jury's pardon power. It also serves to give the jury the power to convict for a lesser offense when there has been a failure of proof as to an element of the greater offense. While the jury's "pardon power" is inherent in our system of criminal justice, the exercise of that power has not been encouraged by the courts because it conflicts with the duty of the jury to bring in a verdict in accordance with the law. See Gilford v. State, 313 So.2d 729 (Fla. 1975). Here, the jury's duty was to return a verdict consistent with the charge against Bufford and the evidence presented at trial. Since that duty was the substance of the court's instruction, we find no error and affirm.
AFFIRMED.
ORFINGER, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
The sole issue in this case was whether or not the trial judge erred in giving an instruction which, in essence, deprived the jury of its "pardon power." The instruction given was:
If you find the defendant guilty of any offense, it must be for the highest offense established by the evidence and that would be it  well, the highest offense or the most severe offense that you feel the evidence supports.
The appellant, Bufford, was charged with aggravated battery, and pursuant to the *797 dictates of State v. Abreau, 363 So.2d 1063 (Fla. 1978) and its progeny,[1] the trial court instructed the jury on simple battery as well as aggravated battery.
The trial judge gave this instruction in response to the jury's inquiry, which bore directly on its power to find Bufford guilty of the lesser offense. The jury asked:
Is the only difference between 1) aggravated battery and 2) battery, [was] the fact that a deadly weapon was used [sic]. If we could not agree or find the defendant guilty of aggravated battery could we still find him guilty of battery even though he apparently used what we all agree is a deadly weapon?
After receiving the above quoted instruction in response to this question, the jury (not unexpectedly) returned a conviction of aggravated battery.
In my view, it is inconsistent and illogical to allow the giving of this instruction when the trial judge must instruct on necessarily lesser included offenses[2] even when there is no evidence to sustain the lesser offense.[3] If the jury must bring back a verdict based on the highest possible offense, then why must the trial court instruct them on a lesser offense? It cannot be both ways.
The primary justification for requiring an instruction on lesser included offenses is to preserve the "pardon power" of the jury to mitigate the harshness of a conviction on the offense charged by returning a verdict on a less severe offense. Cannon. Regardless of the wisdom of allowing the jury such power,[4] the jury pardon concept appears to be well established in Florida. It should not be emasculated by the giving of an instruction such as the one in this case.
NOTES
[1] Cannon v. State, 456 So.2d 513 (Fla. 5th DCA 1984).
[2] See State v. Abreau, 363 So.2d 1063 (Fla. 1978); Foster v. State, 448 So.2d 1239 (Fla. 5th DCA 1984) (reversible error to fail to instruct on simple battery when aggravated battery was charged, regardless of the evidence).
[3] Cannon; Foster; cf. Gillespie v. State, 440 So.2d 8 (Fla. 1st DCA 1983).
[4] See United States v. Powell, ___ U.S. ___, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); Reddick v. State, 380 So.2d 1330 (Fla. 5th DCA 1980), rev'd, 394 So.2d 417 (Fla. 1981); In Re Amendments to the Rules of Criminal Procedure  3.390(a), 416 So.2d 1126 (Fla. 1982) (Alderman, J., dissenting).