659 So.2d 1226 (1995)
William OEHLING, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1649.
District Court of Appeal of Florida, Fifth District.
August 25, 1995.
*1227 William Joseph Oehling, Clermont, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for appellee.
W. SHARP, Judge.
Oehling appeals from the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, which seeks a new trial because of ineffective assistance of trial counsel. The trial court failed to attach copies of any portion of the record that conclusively shows Oehling is not entitled to any relief.[1] We think Oehling is entitled to further proceedings regarding his claim based on failure of trial counsel to request a jury instruction on battery as a necessarily included lesser offense to battery on a law enforcement officer,[2] the offense for which he was convicted. However, we think his second ineffective assistance ground, which alleges a claimed erroneous instruction on resisting arrest, has been decided adversely to his position. See State v. Anderson, 639 So.2d 609 (Fla. 1994). We affirm the trial court on this ground.
Failure to request an instruction on a necessarily included lesser offense is a legally sufficient ground to support an ineffective assistance of counsel claim. See Kennedy v. State, 637 So.2d 987 (Fla. 1st DCA 1994); Newton v. State, 527 So.2d 876 (Fla. 2d DCA 1988). The attorney general takes the position, in this case, that because the trial court earlier ordered a response from the state which asserted the lesser included instruction had in fact been given, Oehling's case is legally insufficient. It relies on Lightbourne v. State, 471 So.2d 27 (Fla. 1985) (attachments not required when claim is legally insufficient); Grimes v. State, 642 So.2d 145 (Fla. 4th DCA 1994) (failure of court to include attachments in a rule 3.800(a) proceeding not error when state's response includes attachments and the court's order indicates that state's response was considered); and Bland *1228 v. State, 563 So.2d 794 (Fla. 1st DCA), rev. dismissed, 574 So.2d 139 (Fla. 1990) (failure to attach record not reversible error when court considered transcript from direct appeal, transcript is part of record in rule 3.850 proceeding, and parties in rule 3.850 proceeding rely on transcript).
These cases are distinguishable. Lightbourne involves a legally insufficient claim. This one does not. Grimes involved a motion filed in a rule 3.800(a) proceeding, in which the state filed a response, attaching a copy of the appellant's signed plea agreement that refuted the motion in its entirety. The court's order stated it considered the state's response. Bland appears distinguishable because the transcript from the direct appeal was part of the record in the rule 3.850 appeal and was relied on by the parties and the court. Here, the transcript is not part of the record for this rule 3.850 appeal, and we have no way of ascertaining whether trial counsel failed to request the necessarily included lesser offense instruction.
We also reject the attorney general's additional argument that rule 3.850 only requires a trial court to attach documents, portions of the files and record, when it does not order a response from the state. Ruling with a response from the state, by itself, does not transform the proceeding into a nonsummary one no longer requiring the alternative attachment of records, etc., or an evidentiary hearing procedure as provided in rule 3.850(d).
In this case, the trial court should either attach portions of the record sufficient to refute Oehling's ineffective assistance of counsel argument, or hold an evidentiary hearing to resolve any factual issues. Waters v. State, 612 So.2d 685 (Fla. 5th DCA 1993); Montgomery v. State, 615 So.2d 226 (Fla. 5th DCA 1993); Debose v. State, 580 So.2d 638 (Fla. 5th DCA 1991). We have held in the past that the state cannot cure the trial court's oversight by designating portions of the record to refute a defendant's allegations. Smothers v. State, 555 So.2d 452 (Fla. 5th DCA 1990). See also McCray v. State, 633 So.2d 561 (Fla. 4th DCA 1994).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part, and REMANDED.
PETERSON, C.J., and HARRIS, J., concur.
NOTES
[1] See Fla.R.Crim.P. 3.850(d).
[2] See State v. Wimberly, 498 So.2d 929 (Fla. 1986).