767 So.2d 630 (2000)
Richard Blake BETHEA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-613.
District Court of Appeal of Florida, Fifth District.
September 28, 2000.
Richard Blake Bethea, Avon Park, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Richard Blake Bethea appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. We reverse.
Bethea was tried and convicted of burglary of a dwelling and criminal mischief. Although the jury instructions informed the jury of the necessarily lesser included offense of burglary of a structure, Bethea asserts that his counsel failed to object when the verdict form provided to the jury *631 failed to include that lesser included offense. Bethea claims this was ineffective assistance. The trial court determined that Bethea was not prejudiced by this omission, because based on the undisputed evidence that the structure in question was a dwelling, there was no reasonable possibility that the jury would have convicted Bethea of the lesser included offense.
As our supreme court has recently stated:
To uphold the trial court's summary denial of claims raised in a Rule 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. Further, where no evidentiary hearing is held below, we must accept the defendant's factual allegations to the extent they are not refuted by the record.
Peede v. State, 748 So.2d 253, 257 (Fla. 1999) (citations omitted). A claim of ineffective assistance of counsel is facially sufficient to warrant an evidentiary hearing when defendant alleges specific facts which are not conclusively rebutted by the record and which demonstrate a deficiency in performance which prejudiced the defendant. See Teffeteller v. Dugger, 734 So.2d 1009, 1016 (Fla.1999); Ragsdale v. State, 720 So.2d 203, 207 (Fla.1998).
When a defendant requests an instruction on a necessarily lesser included offense, the trial court must grant the request. See State v. Wimberly, 498 So.2d 929, 932 (Fla.1986); Fryer v. State, 732 So.2d 30, 33 (Fla. 5th DCA 1999). This requirement is based on the recognition of the jury's right to exercise its "pardon power." See State v. Baker, 456 So.2d 419, 420-21 (Fla.1984).
We have held that the failure of trial counsel to request an instruction on a necessarily lesser included offense is a legally sufficient proof of ineffective assistance of counsel. See Oehling v. State, 659 So.2d 1226, 1227 (Fla. 5th DCA 1995). Although that is not the case here, the case is substantially similar enough to require an evidentiary hearing. See Moore v. State, 496 So.2d 255, 256 (Fla. 5th DCA 1986)(holding that verdict which is not in conformance with the jury instructions was defective); see also Prater v. State, 608 So.2d 559 (Fla. 2d DCA 1992)(holding that trial court committed per se reversible error when it omitted a necessarily lesser included offense from the verdict form, precluding the jury from exercising its pardon power); Robertson v. State, 532 So.2d 90, 91 (Fla. 4th DCA 1988)(grievous oversight to omit from jury verdict form option of lesser included offense).
This oversight prejudiced Bethea. The jury found Bethea guilty of a lesser included offense on the other charge and there exists the reasonable possibility that the jury would have used its pardon power to find Bethea guilty of the lesser offense on the burglary charge. Although trial counsel may be able to justify the decision to allow the incomplete jury verdict as a strategic decision, an evidentiary hearing is necessary.
Bethea's second claim alleges that his counsel failed to fully review his score sheet with him prior to sentencing. Although there may have been an error in the categorization of an offense, the record refutes any claim that Bethea was prejudiced by the error as the scoring for the offense was correct.
The trial court's decision to summarily deny an evidentiary hearing on Bethea's claims is reversed as to Bethea's first claim regarding the erroneous verdict form.
AFFIRMED in part; REVERSED in part.
W. SHARP, and GRIFFIN,, JJ., concur.