834 So.2d 921 (2003)
Mel FIRSHER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-30.
District Court of Appeal of Florida, Third District.
January 15, 2003.
*922 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Charlie Crist, Attorney General, and Steven R. Parrish, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and FLETCHER, JJ.
COPE, J.
Mel Firsher appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm but remand for correction of a scrivener's error in the judgment.
Defendant-appellant Firsher was convicted of attempted second degree murder with a firearm. His conviction was affirmed on direct appeal. Firsher v. State, 770 So.2d 1267 (Fla. 3d DCA 2000).
The defendant filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The court granted the motion in part and resentenced the defendant. The court denied the balance of the Rule 3.850 motion. The defendant has appealed.
The defendant contends that he is entitled to a new trial because the jury was not instructed on attempted manslaughter. The offense of attempted manslaughter is a necessarily lesser included offense (category 1) of attempted second degree murder, the charged offense.
As a general rule, "the failure to instruct on the next immediate lesser-included offense (one step removed) constitutes error that is per se reversible." State v. Abreau, 363 So.2d 1063, 1064 (Fla. 1978); Roberts v. State, 694 So.2d 825, 826 (Fla. 2d DCA 1997).
There are, however, exceptions to this rule. In an analogous context, the Florida Supreme Court has said that
"it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action. Failure to timely object precludes relief from such a conviction."
Armstrong v. State, 579 So.2d 734, 735 (Fla.1991) (quoting Ray v. State, 403 So.2d 956, 961 (Fla.1981)) (emphasis supplied in Armstrong).
The exception applies here. The transcript indicates that the charge conference was held off the record. When the parties went back on the record, the court stated it was "going to give aggravated battery which [is] the one you have asked for Mr. Mastos [defense counsel] ...." (Tr. 257, see also Tr. 297). This is sufficient under Armstrong and Ray to waive the category 1 lesser included offense. No *923 personal, on-the-record waiver by the defendant is required in a noncapital case. Armstrong, 579 So.2d at 735 n. 1.
The defendant argues alternatively that his defense counsel was ineffective for failing to request the category 1 lesser included offense, or object to its omission. Again, we disagree.
The purpose of requiring an instruction on the category 1 lesser included offense one step removed from the charged offense is to allow the jury "a fair opportunity to exercise its inherent `pardon' power by returning a verdict of guilty as to the next lower crime." State v. Abreau, 363 So.2d at 1064. In this case, the jury was given that opportunity.
Second degree murder with a firearm is a first degree felony. The jury was instructed on the permissive lesser included offense of aggravated battery with a firearm, which is a second degree felony. § 784.045(1)(a)2., Fla. Stat. (1997).[1] The omitted instruction, attempted manslaughter with a firearm, is likewise a second degree felony. Id. §§ 782.07(1), 777.04, 775.087(1). There was no ineffectiveness, because the jury was given the opportunity to grant a jury pardon.[2]
We find no merit in the defendant's remaining claims on appeal. We therefore affirm the trial court's order.
The parties agree, however, that there is a scrivener's error in the judgment. The judgment states that the offense at conviction, attempted second degree murder with a firearm, is a second degree felony. In reality, it is a first degree felony. See §§ 782.04(2), 777.04, 775.087(1), Fla. Stat. (1997). The defendant need not be present.
Affirmed; remanded for correction of judgment.
NOTES
[1] The crime date was January 24, 1999.
[2] The defendant's defense at trial was that he shot the store owner by accident during an altercation, and had not intended to shoot the store owner at all. The jury was instructed on justifiable and excusable homicide.