869 So.2d 623 (2004)
Wylie M. VICKERY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3128.
District Court of Appeal of Florida, Fifth District.
March 19, 2004.
*624 Wylie M. Vickery, Crawfordville, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
The defendant, Wylie M. Vickery, filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, claiming, inter alia, ineffective assistance of his trial counsel. Vickery, convicted of lewd or lascivious assault on a child as charged, asserted that his trial counsel was ineffective because she did not request a jury instruction regarding the lesser included offense of simple battery. The trial court summarily denied Vickery's motion without an evidentiary hearing. "A motion for postconviction relief can be denied without an evidentiary hearing when the motion and the record conclusively demonstrate that the movant is entitled to no relief." Kennedy v. State, 547 So.2d 912, 913 (Fla.1989) (citing Agan v. State, 503 So.2d 1254 (Fla.1987); O'Callaghan v. State, 461 So.2d 1354 (Fla.1984)). We determine that the trial court incorrectly denied Vickery's motion.
The trial court denied Vickery's claim for ineffective assistance of counsel based on the decision in Sanders v. State, 847 So.2d 504 (Fla. 1st DCA 2003). In Sanders, the court held that in collateral proceedings under rule 3.850 regarding a claim for ineffective assistance of counsel, a defendant cannot establish that there is a reasonable probability that the result would have been different had trial counsel requested and received the instruction regarding the lesser included offense. Instead, the most that the defendant can establish is conjecture and speculation that the jury would decline to follow the law and grant the defendant a jury pardon. However, the decision in Sanders conflicts with our decisions in Bethea v. State, 767 So.2d 630 (Fla. 5th DCA 2000), and Oehling v. State, 659 So.2d 1226 (Fla. 5th DCA 1995), wherein this court held that failure of trial counsel to request a lesser included offense is a basis for a colorable claim of ineffective assistance of counsel under Florida Rule of Criminal Procedure 3.850. Because the trial court summarily denied Vickery's motion, we reverse and remand for a hearing regarding this specific claim. As to the other claims raised by Vickery in his motion, we affirm.
AFFIRMED IN PART; REVERSED IN PART.
SHARP, W. and PETERSON, JJ., concur.
SAWAYA, C.J., concurs and concurs specially, with opinion.
SAWAYA, C.J., concurring and concurring specially.
I reluctantly concur in the majority decision to reverse and remand for an evidentiary *625 hearing regarding the ineffective assistance of counsel claim raised by Vickery. I fully concur with the majority that the trial court's denial of the remaining claims raised by Vickery in his motion should be affirmed. As to the ineffective assistance of counsel claim, the issue is whether trial counsel's failure to request a jury instruction regarding a lesser included offense presents a colorable claim that requires an evidentiary hearing under Florida Rule of Criminal Procedure 3.850. For reasons I will now explain, I believe that such a claim may be summarily denied without a hearing.
The reason for the rule that requires the trial court to instruct the jury on lesser included offenses is based on the concept of jury pardons. See State v. Estevez, 753 So.2d 1 (Fla.1999); Amado v. State, 585 So.2d 282, 283 (Fla.1991) ("We still allow juries to convict on lesser offenses under our recognition of the jury's right to exercise its `pardon power.'") (citation omitted); State v. Wimberly, 498 So.2d 929, 932 (Fla.1986) ("The requirement that a trial judge must give a requested instruction on a necessarily lesser included offense is bottomed upon a recognition of the jury's right to exercise its `pardon power.' "); State v. Baker, 456 So.2d 419 (Fla. 1984); see also Firsher v. State, 834 So.2d 921 (Fla. 3d DCA), review denied, 859 So.2d 514 (Fla.2003); Mosley v. State, 482 So.2d 530, 531-32 (Fla. 1st DCA 1986) ("It is only because the Supreme Court of Florida has adopted the phenomenon of the `jury pardon' as part of the jurisprudence of our State that a defendant can be heard to complain about the failure to instruct on lesser offenses notwithstanding the fact that he has been properly proved and found guilty of the offense charged.") (footnote omitted); Bufford v. State, 473 So.2d 795, 796 (Fla. 5th DCA 1985) ("The requirement that the jury be charged on lesser included offenses is solely based on the jury's pardon power."), review denied, 482 So.2d 347 (Fla.1986). In Baker, the court described the jury pardon as
"the nonconstitutional right of ... giving the jury an opportunity to find the accused guilty of an offense lesser in severity of punishment than that with which he was charged." Baker, 425 So.2d at 53 (Cowart, J., dissenting). Jury pardons are the province of the jury, and a trial court is not permitted to invade that province. Brown [ v. State, 206 So.2d 377 (Fla.1968)].
Baker, 456 So.2d at 420-21.[1]
The jury pardon concept has become ingrained in the rules of criminal procedure *626 relating to determination of degree of offense and determination of attempts and lesser included offenses. See Fla. R.Crim. P. 3.490 & 3.510(b). Moreover, the Florida courts have fully embraced it as an integral part of our jurisprudence. See Bufford. Hence, the failure to instruct the jury on a lesser included offense can constitute reversible error per se when the issue is raised on direct appeal. See Piccioni v. State, 833 So.2d 247 (Fla. 4th DCA 2002). In Piccioni, the court explained:
When requested by the defendant, an instruction on a category two permissive lesser-included offense must be given where "(1) the information alleges all of the statutory elements of the permissive lesser-included offense, and (2) there is some evidence adduced at trial establishing all of the elements." Wimberly v. State, 697 So.2d 1272, 1273 (Fla. 4th DCA 1997); see also Amado v. State, 585 So.2d 282, 282 (Fla.1991).
....
The failure to instruct the jury on a permissive lesser-included offense can sometimes be harmless error. See Henig [v. State], 820 So.2d [1037] at 1039 [Fla. 4th DCA 2002]. Where the absent lesser-included offense is only one step removed from the charged offense, however, the failure to give the requested instruction is reversible error per se. See State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978); Morris v. State, 658 So.2d 155, 156 (Fla. 1st DCA 1995).
Piccioni, 833 So.2d at 248. The courts also hold that a colorable claim of ineffective assistance of counsel is presented when trial counsel fails to request instructions on lesser included offenses. See Willis v. State, 840 So.2d 1135 (Fla. 4th DCA 2003); Firsher; Bethea v. State, 767 So.2d 630 (Fla. 5th DCA 2000); Oehling v. State, 659 So.2d 1226 (Fla. 5th DCA 1995).
There are, however, very clear differences between the standards that apply in a direct appeal and those applicable in collateral proceedings, as the court explained in Sanders v. State, 847 So.2d 504 (Fla. 1st DCA 2003). These differences clearly make reversal on direct appeal for the trial court's failure to give an instruction on a requested lesser included offense logical, and relief granted in collateral proceedings for trial counsel's failure to request such an instruction illogical. More importantly, use of the jury's pardon power as the rationale for ineffective assistance of counsel claims in collateral proceedings is clearly inconsistent with the holding of the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This is particularly significant because the Florida courts adopted the standard for ineffective assistance of counsel claims directly from Strickland. See Vining v. State, 827 So.2d 201 (Fla.2002); Bruno v. State, 807 So.2d 55 (Fla.2001); Valle v. State, 705 So.2d 1331 (Fla.1997).
Strickland requires that a defendant claiming ineffective assistance of counsel must show: (1) that counsel's performance was deficient, and (2) that the deficient performance resulted in prejudice. 466 *627 U.S. at 686, 104 S.Ct. 2052. When reviewing such a claim, the first prong requires an appellate court to determine whether, in light of all the circumstances, counsel's acts or omissions fell outside the wide range of professionally competent assistance. Id. at 690, 104 S.Ct. 2052. The second prong requires the appellate court to determine whether there is a reasonable probability that but for the deficiency, the result of the proceeding would have been different. Id. at 695, 104 S.Ct. 2052. It must be emphasized that the defendant bears the burden of establishing a prima facie case based upon a legally valid claim. See Kennedy v. State, 547 So.2d 912 (Fla. 1989). "The standard of review for a trial court's ruling on an ineffectiveness claim also is two-pronged: The appellate court must defer to the trial court's findings on factual issues but must review the court's ultimate conclusions on the [performance] and prejudice prongs de novo." Bruno, 807 So.2d at 61-62 (footnote omitted).
It is to the second prong that I will turn my attention. See Kennedy, 547 So.2d at 914 ("A court considering a claim of ineffectiveness of counsel need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied.") (citation omitted). In Strickland, the Court attempted to define the contours of the considerations that should go into a determination whether prejudice has been established when it stated:
In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law. An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, "nullification," and the like. A defendant has no entitlement to the luck of a lawless decision maker, even if a lawless decision cannot be reviewed. The assessment of prejudice should proceed on the assumption that the decision maker is reasonably, conscientiously, and impartially applying the standards that govern the decision. It should not depend on the idiosyncracies of the particular decision maker, such as unusual propensities toward harshness or leniency. Although these factors may actually have entered into counsel's selection of strategies and, to that limited extent, may thus affect the performance inquiry, they are irrelevant to the prejudice inquiry. Thus, evidence about the actual process of decision, if not part of the record of the proceeding under review, and evidence about, for example, a particular judge's sentencing practices, should not be considered in the prejudice determination.
Strickland, 466 U.S. at 694-95, 104 S.Ct. 2052.
The court in Strickland clearly established that the prejudice prong is not to be determined by a defendant's entitlement to the luck of a verdict rendered by a lawless jury. As I will explain, when a jury renders a jury pardon in Florida, it violates its oath and the instructions by the trial court that the verdict must be based on the law and the evidence. Moreover, the Court in Strickland made it clear that speculation or the idiosyncracies of the jury for leniency are not relevant factors to be considered in determining whether the prejudice prong has been met. In my view, a finding of prejudice based on the jury pardon is nothing more than speculation of what the jury might have done had a lesser included charge been given to them, and it is certainly based on the idiosyncracy of the jury for leniency. Moreover, when the jury returns a verdict of guilty to the crime charged in the information, *628 such a finding overlooks the presumption that the jury impartially applied the standards that it was given to decide the case.
In Florida, all jurors must take an oath to "well and truly try the issues between the State of Florida and the defendant and render a true verdict according to the law and the evidence." Fla. R.Crim. P. 3.360.[2] When it is selected, the jury is given a preliminary instruction that provides:
It is your solemn responsibility to determine if the State has proved its accusation beyond a reasonable doubt against (defendant). Your verdict must be based solely on the evidence, or lack of evidence, and the law.
Fla. Std. Jury Instr. (Crim.) 2.1. The instruction given to the jury just before it retires to deliberate provides:
In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.
Fla. Std. Jury Instr. (Crim.) 2.08.
The standard jury instruction concerning lesser included offenses instructs the jury that they are to consider lesser included offenses only if the evidence does not establish the original charge. This standard jury instruction provides in pertinent part:
In considering the evidence, you should consider the possibility that although the evidence may not convince you that the defendant committed the main crime[s] of which [he][she] is accused, there may be evidence that [he] [she] committed other acts that would constitute a lesser included crime [or crimes]. Therefore, if you decide that the main accusation has not been proved beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser included crime.
Fla. Std. Jury Instr. (Crim.) 3.4. The Court in United States v. Powell, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), summarized the general principles contained in these jury instructions as follows:
Jurors, of course, take an oath to follow the law as charged, and they are expected to follow it. See Adams v. Texas, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980). To this end trials generally begin with voir dire, by judge or counsel, seeking to identify those jurors who for whatever reason may be unwilling or unable to follow the law and render an impartial verdict on the facts and the evidence. But with few exceptions, see McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); Smith v. Phillips, 455 U.S. 209, 217, 102 S.Ct. 940, 946, 71 L.Ed.2d 78 (1982), once the jury has heard the evidence and the case has been submitted, the litigants must accept the jury's collective judgment. Courts have always resisted inquiring into a jury's thought processes, see McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300 (1915); Fed. Rule Evid. 606(b) (stating that jurors are generally incompetent to testify concerning *629 jury deliberations); through this deference the jury brings to the criminal process, in addition to the collective judgment of the community, an element of needed finality.
Powell, 469 U.S. at 66-67, 105 S.Ct. 471.
Hence, it is clear that the jury must base its verdict on the law and the evidence; not on sympathy or leniency. In order to prevent a verdict from being based on jury sympathy and in order to curb the exercise of the jury pardon, the trial courts are not allowed to instruct the jury on the sentence a defendant may receive if convicted. See Fla. R.Crim. P. 3.390(a); Legette v. State, 718 So.2d 878 (Fla. 4th DCA 1998). The instructions that the jury is given are clearly not compatible with a concomitant power to pardon and if a jury possesses this as a right, the question arises why the jury is not instructed that it has it. The question also arises how the courts of this state can premise a finding of prejudice, under Strickland, on the supposed exercise by a jury of a right that it does not even know it has, especially in light of jury instructions that clearly indicate that such a right does not even exist.
It is clear to me that when a jury grants a pardon to a defendant by finding him or her guilty of a lesser included offense when the state has proven guilt beyond a reasonable doubt regarding the offense charged in the information, the jury violates the oath it took and the instructions given it by the trial court. I also believe that when the jury has convicted the defendant as charged, the presumption that it followed the law should be indulged, i.e., that the charge was proven beyond a reasonable doubt. See Strickland. It is, therefore, clear that a jury pardon is indeed the decision of a lawless decision maker that is based on the idiosyncracies of the jury for leniency. This is just the sort of verdict that the Court in Strickland said must not form the basis for a finding of prejudice under the second prong of the Strickland standard. Speculation on what a lawless jury might do if given the opportunity to violate its oath and the law certainly does not establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
If it were not for the decisions of this court in Bethea and Oehling, I would vote to affirm the trial court's summary denial of Vickery's claim. If the courts of Florida are to continue to adhere to the jury pardon rationale as a basis for finding prejudice under Strickland, I believe that such a finding should be limited to instances where, as in the instant case, no lesser included instructions were given and the jury was left with an all or nothing choice of either convicting as charged or acquitting the defendant. In cases where instructions were given on one or more lesser included offenses but one or more were left out, it is clear to me that if the jury is not going to be concerned with following the law or basing its decision on the evidence, the jury will likewise not be overly concerned with the selection of which lesser offense on which to exercise its pardon power. Hence, in this instance, it seems only logical to conclude that if the jury did not pardon with the lesser included instructions it was given, the jury was not inclined to exercise that power in the first place.
NOTES
[1] In Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), the Court explained the concept of a jury pardon in the context of inconsistent verdicts:

Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment.... As was said in Steckler v. United States, [7 F.2d 59, 60 (2d Cir.1925)]:
"The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity."
Dunn, 284 U.S. at 393, 52 S.Ct. 189 (citations omitted) (emphasis added). I do not believe that a jury pardon should be considered a right that has been bestowed upon the jury pursuant to law; rather, I believe that it is an error that may not be corrected. The basis for the jury pardon concept derives from the prohibition of inquiring into the jury's verdict and the fundamental constitutional principle of double jeopardy. See Potts v. State, 430 So.2d 900 (Fla.1982). As this court explained in Bufford v. State, 473 So.2d 795 (Fla. 5th DCA 1985), review denied, 482 So.2d 347 (Fla. 1986):
It also serves to give the jury the power to convict for a lesser offense when there has been a failure of proof as to an element of the greater offense. While the jury's "pardon power" is inherent in our system of criminal justice, the exercise of that power has not been encouraged by the courts because it conflicts with the duty of the jury to bring in a verdict in accordance with the law. See Gilford v. State, 313 So.2d 729 (Fla.1975). Here, the jury's duty was to return a verdict consistent with the charge against Bufford and the evidence presented at trial. Since that duty was the substance of the court's instruction, we find no error and affirm.
Bufford, 473 So.2d at 796 (emphasis added).
[2] Florida Rule of Criminal Procedure 3.360 specifically provides:

The following oath shall be administered to the jurors: "Do you solemnly swear (or affirm) that you will well and truly try the issues between the State of Florida and the defendant and render a true verdict according to the law and the evidence, so help you God?" If any juror affirms, the clause "so help you God" shall be omitted.