881 So.2d 85 (2004)
Curtis JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1338.
District Court of Appeal of Florida, Fifth District.
August 20, 2004.
*86 Curtis James, Bonifay, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Defendant, Curtis James, appeals the summary denial of his rule 3.850 motion. We affirm the denial of his motion, except as to ground five.
Defendant was tried and convicted of fleeing or attempting to elude a law enforcement officer with lights and sirens and with wanton disregard, a second degree felony. In ground five of his postconviction motion, defendant argues that his trial counsel was ineffective for failing to consult with defendant regarding the jury instructions for lesser included offenses and for failing to request an instruction for the lesser included offense of fleeing or attempting to elude an officer with lights and sirens, but without wanton disregard, a third degree felony.
The trial court denied this ground, pointing out that an instruction was given for the lesser offense of misdemeanor fleeing, but the jury nonetheless convicted defendant of the charged offense. The court concluded that there was no reasonable probability that the jury would have declined to follow the law and would have exercised its jury pardon power, and therefore prejudice was not established.
The trial court relied on Sanders v. State, 847 So.2d 504 (Fla. 1st DCA 2003), which held that a claim that counsel was ineffective for not requesting a jury instruction for a one-step-removed lesser included offense could not satisfy the requirement to show prejudice. However, in Vickery v. State, 869 So.2d 623 (Fla. 5th DCA 2004), this Court held that Sanders conflicts with this Court's decisions holding that the failure of counsel to request a lesser included jury instruction states a colorable claim of ineffective assistance.
Although the State argues that counsel's decision not to request the lesser included instruction was a strategic choice which should not be second guessed, such a determination should generally only be made after an evidentiary hearing. SeeState v. Williams, 797 So.2d 1235 (Fla.2001); Morrison v. State, 860 So.2d 458 (Fla. 1st DCA 2003). Therefore, we reverse the trial court's order as to this ground only and remand for further consideration.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
PALMER and MONACO, JJ., concur.