THOMPSON, J.
Frederick A. Graff appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion alleging ineffective assistance of counsel, Graff raised 24 grounds to be considered by the trial court. The trial court summarily denied Graffs motion without attaching parts of the record and without conducting an evidentiary hearing. Concluding that only two of the 24 grounds merit a hearing, we reverse and remand for a hearing on grounds 5 and 6.
In 1999, Graff was tried by jury on eight counts of possession of a variety of controlled substances, including cocaine, LSD, MDMA, ketamine and cannabis, and eight counts of sale and delivery of controlled substances. He was convicted of all of the possession charges (seven third-degree felonies and one misdemeanor), and acquitted of all of the sale and delivery charges. The judge proceed to give Graff the maximum possible sentence of 36 years (seven consecutive five-year sentences for the third-degree felonies, plus 11 months and 29 days for the misdemeanor count). This court affirmed the convictions with Graff v. State, 843 So.2d 1012 (Fla. 5th DCA 2003).
Ineffective assistance of counsel claims present a mixed question of law and fact subject to plenary review based on the test espoused in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail, the defendant must first show that counsel’s performance was deficient, which requires a showing “that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.” Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Second, the defendant must show that the deficient performance prejudiced the defense, which requires a showing “that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.” Id. Absent both showings, “it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.” Id. In reviewing counsel’s performance, “a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” Id. at 689, 104 S.Ct. 2052. In determining whether counsel’s performance amounted to ineffective assistance, an appellate court must conduct an independent review of the trial court’s legal conclusions while giving deference to the trial court’s factual findings. Stephens v. State, 748 So.2d 1028, 1033 (Fla.1999). Because both prongs of the Strickland test present mixed questions of law and fact, appellate courts employ a mixed standard of review, deferring to the circuit court’s factual findings if they are supported by competent, substantial evidence, but reviewing the circuit court’s legal conclusions de novo. Id.
In ground 5, Graff claims ineffectiveness because counsel failed to ensure the inclusion of the lesser included offenses of attempted possession on the verdict form. In ground 6, Graff alleged ineffectiveness for failure to request the proper jury in *1060 structions for attempted possession, knowledge, and confidential informant. Attempted possession is a permissive lesser included offense of possession.
This court has held that trial counsel’s failure to request a lesser included offense instruction is a basis for a colorable claim of ineffective assistance of counsel under rule 3.850. See e.g., Vickery v. State, 869 So.2d 623 (Fla. 5th DCA 2004); Bethea v. State, 767 So.2d 630 (Fla. 5th DCA 2000); Oehling v. State, 659 So.2d 1226 (Fla. 5th DCA 1995).
Here, the trial court did not address grounds 5 or 6 in its order denying relief. Also, it did not attach portions of the record showing that Graff was not entitled to relief. “To support summary denial without a hearing, a trial court must either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion.” Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993). This requirement is embodied in rule 3.850(d), which permits summary denial only if the “motion, files and records in the case conclusively show that the mov-ant is entitled to no relief.” Further, the rule requires that “when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records should be attached to the order.” Fla. R.Crim. P. 3.850(d).
Because the trial court failed to address grounds 5 and 6 in the order and failed to conduct an evidentiary hearing or attach portions of the record refuting Graffs allegations, we remand for further proceedings. Stephens, 748 So.2d at 1033.
AFFIRMED in part; REVERSED in part; and REMANDED.
SHARP, W„ and LAWSON, JJ., concur.