961 So.2d 309 (2007)
STATE of Florida, Petitioner,
v.
Wylie M. VICKERY, Respondent.
State of Florida, Petitioner,
v.
Curtis James, Respondent.
State of Florida, Petitioner,
v.
Emanuel Charles a/k/a Emmanuel Charles, Respondent.
Nos. SC04-605, SC04-1810, SC05-82.
Supreme Court of Florida.
July 5, 2007.
*310 Bill McCollum, Attorney General, Tallahassee, FL, Kellie A. Nielan, and Allison Leigh Morris, Assistant Attorneys General, Daytona Beach, FL, Melanie Dale Surber, and James J. Carney, Assistant Attorneys General, West Palm Beach, FL, for Petitioners.
Wylie M. Vickery, pro se, Arcadia, FL.
*311 Curtis James, pro se, Crawfordville, FL.
Emanuel Charles, pro se, Miami, FL.
CANTERO, J.
We review three cases in which the Fourth and Fifth District Courts of Appeal acknowledged (but did not certify) conflict with the First District Court of Appeal. These are: Charles v. State, 890 So.2d 542 (Fla. 4th DCA 2005), James v. State, 881 So.2d 85 (Fla. 5th DCA 2004), and Vickery v. State, 869 So.2d 623 (Fla. 5th DCA 2004). The issue is whether a claim that alleges ineffective assistance of counsel for failure to request an instruction on a lesser-included offense may be summarily denied. See Sanders v. State, 847 So.2d 504 (Fla. 1st DCA 2003) (en banc), approved, 946 So.2d 953 (Fla.2006). In acknowledging conflict, the Fifth District in James and Vickery cited Sanders, while the Fourth District in Charles cited Willis v. State, 840 So.2d 1135 (Fla. 4th DCA 2003) (on motion for rehearing and motion for certification of conflict), quashed, 946 So.2d 953 (Fla.2006), in which it had earlier certified conflict with Sanders. When the Fourth and Fifth Districts issued their respective decisions in Charles, James, and Vickery, both Sanders and Willis were pending review in this Court. We have jurisdiction and consolidate Charles, James, and Vickery for purposes of this opinion. See art. V, § 3(b)(3), Fla Const.; Jollie v. State, 405 So.2d 418 (Fla.1981).

JURISDICTION
Before deciding these cases, we address a jurisdictional issue. The district courts in these cases only acknowledged, but did not certify, their conflict with the First District. For purposes of our jurisdiction, this is an important distinction. While it is a district court's prerogative to acknowledge rather than certify conflict, such an approach does not give us jurisdiction under article V, section 3(b)(4) of the Florida Constitution (establishing this Court's discretionary jurisdiction to review "any decision of a district court of appeal that . . . is certified by it to be in direct conflict with a decision of another district court of appeal") (emphasis added).
As already informally recognized, "district court opinions accepted [for review as certified conflict cases under article V, section 3(b)(4) of the Florida Constitution] . . . almost uniformly meet two requirements: they use the word `certify' or some variation of the root word `certif.-' in connection with the word `conflict;' and, they indicate a decision from another district court upon which the conflict is based." Harry Lee Anstead, Gerald Kogan, Thomas D. Hall, & Robert Craig Waters, The Operation and Jurisdiction of the Supreme Court of Florida, 29 Nova L.Rev. 431, 529 (2005) (footnote omitted). However, "all of the cases  with few exceptions  in which the district court has merely `acknowledged' conflict are treated as petitions for [review based on] `express and direct' conflict [under article V, section (3)(b)(3) of the Florida Constitution], and some are accepted for review on that basis." Id. at 530 (footnote omitted).
We thus hold that district court decisions that simply acknowledge, discuss, cite, suggest, or in any other way recognize conflict do not provide a proper basis for a party to seek this Court's review under our "certified conflict" jurisdiction. See art. V, § 3(b)(4), Fla. Const. To support such review, conflict must be "certified." Of course, this does not mean that we lose all jurisdiction to review the case. As occurred with the three cases here, jurisdiction may nevertheless exist under our "express and direct conflict" jurisdiction, see art. V, § 3(b)(3), Fla. Const. (granting this Court jurisdiction to review district court opinions that "expressly and *312 directly" conflict with the decision of another district court of appeal or with a decision of the Florida Supreme Court), or on some other basis. The difference is that a certification of conflict provides us with jurisdiction per se. On the other hand, when a district court does not certify the conflict, our jurisdiction to review the case depends on whether the decision actually "expressly and directly" conflicts with the decision of another court. We therefore advise district courts that when they intend to certify conflict under article V, section 3(b)(4) of the Florida Constitution, they use the constitutional term of art "certify."

MERITS
As stated earlier, the three decisions under review acknowledged conflict with the First District's decision in Sanders, 847 So.2d at 504, on whether a claim of ineffective assistance of counsel for failure to request an instruction on a lesser-included offense may be summarily denied. We ultimately approved Sanders, holding that "a claim alleging ineffective assistance of counsel for failure to request an instruction on a lesser-included offense may be summarily denied." Sanders v. State, 946 So.2d 953, 960 (Fla.2006). We accordingly issued orders directing the respondents in Charles, James, and Vickery to show cause why we should not accept jurisdiction, summarily quash the decisions being reviewed, and remand for reconsideration in light of our decision in Sanders. No responses were filed in Vickery or James, and the response in Charles ultimately "prays that this Honorable Court would quash the decision being reviewed, and remand for further proceeding[s]." All three respondents have thus constructively or otherwise conceded that we should quash and remand for reconsideration in light of Sanders. We now do so.
We grant the petitions for review in Charles, James, and Vickery. As to each case, we quash the decision below and remand the case to the respective district court for reconsideration in light of our decision in Sanders.
It is so ordered.
WELLS, ANSTEAD, PARIENTE, and BELL, JJ., concur.
LEWIS, C.J., and QUINCE, JJ., concur in result only.