969 So.2d 1087 (2007)
Kenneth Ray BURTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3138.
District Court of Appeal of Florida, Fifth District.
October 26, 2007.
James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
*1088 LAWSON, J.
Kenneth Ray Burton appeals from his sentence imposed after the trial court granted his motion to correct an illegal sentence. Burton argues that his current sentence is illegal because it exceeds the fifteen-year statutory maximum sentence allowed for a second degree felony. However, Burton was convicted of a first degree felony. Because his sentence does not exceed the thirty-year maximum sentence allowed for a first degree felony, we affirm.
Burton was originally charged by information with attempted first degree murder, for shooting his victim in the head with a .38 caliber handgun. The information alleged that during the commission of the offense Burton "did carry, display, use, threaten or attempt to use a weapon or firearm, to wit: .38 CALIBER HANDGUN, contrary to Sections . . . 775.087(1), Florida Statutes." Section 775.087(1), Florida Statutes (1998), mandates a one-level increase in a felony's severity ranking for use of a firearm or other weapon during commission of the felony.
At the conclusion of Burton's trial, the jury returned a verdict of guilty to the charge of attempted second degree murder, and also returned a special interrogatory verdict finding that during commission of the crime Burton "carried, displayed, used, threatened to use, or attempted to use a firearm." At the time, attempted second degree murder was classified as a second degree felony.[1]See § 782.04(2), Fla. Stat. (1998); § 777.04, Fla. Stat. (1998). Under section 775.087(1), the crime was reclassified to a first degree felony based upon the jury's finding that Burton used a firearm while committing the crime. See also, Firsher v. State, 834 So.2d 921, 923 (Fla. 3d DCA 2003) ("attempted second degree murder with a firearm . . . is a first degree felony").
The 1995 guidelines scoresheet included within the record called for a sentencing range between five to eight and a half years. However, the trial judge made written findings justifying an upward departure, and sentenced Burton to the maximum sentence permitted for a first degree felonythirty years. On appeal, we affirmed. See Burton v. State, 771 So.2d 1291 (Fla. 5th DCA 2000). We have also affirmed two prior trial court orders denying motions which Burton filed pursuant to rule 3.800(a) challenging his departure sentence. See Burton v. State, 923 So.2d 512 (Fla. 5th DCA 2006); Burton v. State, 889 So.2d 82 (Fla. 5th DCA 2004). In his direct appeal and in these prior postconviction proceedings Burton never argued that his conviction for attempted second degree murder with a firearm should not have been classified as a first degree felony. Instead, he simply challenged the trial court's basis for departing from the sentencing guidelines. In his second 3.800(a) motion, filed in 2004, Burton argued for the first time that the findings could not legally support an upward departure under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because they were not made by a jury. Again, we affirmed the trial court's denial on this basis, without opinion.
In his third 3.800(a) motion, Burton once again challenged the findings made by the trial judge to support the upward departure based upon Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and also cited Blakely v. Washington, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *1089 Apprendi and Blakely do not apply retroactively. See Hughes v. State, 901 So.2d 837, 840 (Fla.2005) (holding that Apprendi does not apply retroactively in Florida in postconviction proceedings to cases that were final on direct review at the time of the Apprendi decision); Langford v. State, 929 So.2d 598 (Fla. 5th DCA 2006) ("Blakely . . . is not retroactive"). However, the trial judge granted Burton's third 3.800(a) motion based upon his erroneous view that Burton was entitled to relief because his direct appeal was in the "pipeline" when Apprendi was decided in 2000. See Mitchell v. Moore, 786 So.2d 521, 530 (Fla.2001) (recognizing that the "pipeline" theory allows a defendant to seek application of a new rule of law if the case is pending on direct review or not yet final and the defendant timely objected at trial). Because Burton did not object to the trial judge's ability to depart from the sentencing guidelines based upon factors not found by the jury during the original proceeding, and failed to raise the constitutional issue on direct appeal, his Apprendi claim is procedurally barred notwithstanding that his direct appeal was in the "pipeline" when Apprendi was decided. Evans v. State, 946 So.2d 1, 15 (Fla.2006); Mitchell, 786 So.2d at 530.
In granting relief, the trial judge also mistakenly announced that Burton had only been convicted of a second degree felony. Then, the judge vacated the thirty-year sentence and resentenced Burton to a combination of incarceration and probation that totals sixteen years, three months and nineteen days.[2] Burton rests his appeal on the inconsistency between the judge's announcement that he was convicted of a second degree felony and imposition of a sentence that exceeds the statutory maximum permitted for a second degree felony. As already noted, however, Burton was convicted of a first degree felony, a fact not changed by the trial judge's erroneous conclusion to the contrary. Therefore, the new sentence is valid.
Because the State does not challenge the trial court's basis for granting Burton's 3.800(a) motion, we affirm the new sentence.
AFFIRMED.
PALMER, C.J., and PLEUS, J., concur.
NOTES
[1] Attempted second degree murder is still classified as a second degree felony today. See § 782.04(2), Fla. Stat. (2007); § 777.04, Fla. Stat. (2007).
[2] The incarcerative portion of the new sentence is eighty months (a sentence within the range of five to eight and a half years permitted using the original scoresheet, absent a departure).