973 So.2d 528 (2008)
Curtis JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1338.
District Court of Appeal of Florida, Fifth District.
December 21, 2007.
Rehearing Denied February 7, 2008.
Curtis James, Crawfordville, pro se.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.

*529 ON MANDATE FROM THE SUPREME COURT OF FLORIDA

PLEUS, J.
This appeal has been reinstated on remand from the supreme court as our decision in James v. State, 881 So.2d 85 (Fla. 5th DCA 2004), was quashed in State v. Vickery, 961 So.2d 309 (Fla.2007). The Supreme Court of Florida directed this court to reconsider this Rule 3.850 appeal in light of Sanders v. State, 946 So.2d 953 (Fla.2006). In Sanders, the Supreme Court of Florida held that when trial counsel fails to request a necessarily lesser included offense that is one step removed from the charged offense, the inability of the jury to exercise its pardon power cannot establish a basis for finding that counsel's omission resulted in prejudice. Therefore, an ineffective assistance of counsel claim may be summarily denied if the only allegation of prejudice is that the jury was unable to exercise its pardon power.[1]
James was convicted of fleeing or attempting to elude a law enforcement officer in a patrol vehicle with lights and siren activated at, high speed or with wanton disregard, a second-degree felony. See § 316.1935(3)(a), Fla. Stat. (2007). In Ground 5 of the 3.850 motion, James argued that his trial counsel was ineffective for failing to consult with him regarding the jury instructions for lesser included offenses and for failing to request an instruction for the third-degree felony offense of fleeing or attempting to elude an officer in a patrol vehicle with lights and siren activated. The trial court denied relief on this ground, pointing out that an instruction was given for a lesser misdemeanor offense, but the jury convicted James of the charged offense. The trial court concluded that there was no reasonable probability that the jury would have declined to follow the law and exercise its jury pardon power, and therefore prejudice was not established.
In James' 3.850 motion, the only allegation of prejudice was that the jury was unable to exercise its pardon power. Therefore, in light of Sanders, supra, we affirm the summary denial of James' 3.850 motion as to all of the grounds raised therein, including Ground 5. Cf. Charles v. State, 963 So.2d 926 (Fla. 4th DCA 2007).
AFFIRMED.
PALMER, C.J. and MONACO, J., concur.
NOTES
[1] To prevail on an ineffective assistance of trial counsel claim, a defendant in a Rule 3.850 motion must establish a substantial deficiency in counsel's performance which so affected the proceeding that confidence in the outcome is undermined. See Dufour v. State, 905 So.2d 42 (Fla.2005); Maxwell v. Wainwright, 490 So.2d 927 (Fla.1986), cert. denied, Maxwell v. Florida, 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986).