IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAVID ALLEN LASSITER,

      Appellant,

v.                                                                Case No.  5D15-3826

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 4, 2016

3.850 Appeal from the Circuit
Court for Brevard County,
Charles J. Roberts, Judge.

David Allen Lassiter, Perry, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      David Allen Lassiter (defendant) appeals the trial court's order denying his motion

for post-conviction relief. See Fla. R. Crim. P. 3.850.  We affirm in part, reverse in part,

and remand for further proceedings.

      The defendant was convicted, following a bench trial, of committing the following

crimes: (1) possession of a firearm by a convicted felon; (2) domestic battery by

strangulation; (3) aggravated assault with a firearm; and (4) battery domestic violence. His judgment was affirmed on direct appeal.

The defendant thereafter filed a motion for post-conviction relief, raising seven claims of ineffective assistance of counsel, including that trial counsel was ineffective for failing to subpoena videos from two motels because they would have been exculpatory. Specifically, he claimed the videos would have shown that: (1) the victim was already injured when she drove his car to the motel; (2) the victim vandalized his car; and (3) the victim chased him with a weapon. The trial court summarily denied this claim.

On appeal, the State properly concedes that the attached record did not refute the defendant's claim regarding the videos. The State admitted that, if the videos existed, the defendant might be able to demonstrate the requisite prejudice, as the victim's credibility at trial was crucial to the State's case.

Because the record does not conclusively refute the defendant's claim, and because nothing in the record indicates that trial counsel attempted to discover or locate the videos, the trial court erred in summarily denying this claim. See Bethea v. State, 767 So. 2d 631 (Fla. 5th DCA 2000). Accordingly, we reverse the trial court's order denying post-conviction relief as to this claim, and remand with instructions for the trial court to either attach portions of the record conclusively refuting this claim or, in the alternative, hold an evidentiary hearing. We affirm as to all other claims.

AFFIRMED in part; REVERSED in part; and REMANDED.

LAWSON, C.J., PALMER and LAMBERT, JJ., concur.