# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D23-0488
LT Case No. 16-2015-CF-10331

———————————————

JOSHUA M. COUNCIL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

3.850 Appeal from the Circuit Court for Duval County.
Adrian G. Soud, Judge.

Ryan Edward McFarland, of Kent & McFarland, Jacksonville, for Appellant.

Ashley Moody, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

March 1, 2024

HARRIS, J.

Joshua Council was found guilty of attempted first-degree murder following the shooting of his girlfriend, Vickie Pittman. He was designated a prison releasee reoffender and sentenced to life in prison. Several years following his conviction, Council filed a Florida Rule of Criminal Procedure 3.850 postconviction motion raising nine grounds for relief, all sounding in ineffective

assistance of counsel. The State was directed to file a response to three of those nine claims, and following receipt of the State's response, the court entered an order summarily denying Council's motion. In this appeal, Council challenged the denial of six of the nine grounds he raised. We find merit to one of Council's arguments on appeal.

In Ground I of his motion (not one of the grounds to which the State was ordered to respond), Council argued that his trial attorney was ineffective for failing to object to a number of improper prosecutorial comments made during closing arguments. Council then specified several of the comments to which his motion referred. The court's order denying Council's motion specifically addressed claims A–H but then for reasons not entirely clear failed to address ground I in any way.

We remand this matter to the postconviction court with instructions to rule on Ground I. If the court determines the ground to be legally insufficient, Council should be given leave to amend that ground. Otherwise, the court shall hold an evidentiary hearing on the claims raised in Ground I or attach portions of the record conclusively showing that Council is entitled to no relief. *See Graff v. State*, 922 So. 2d 1058, 1060 (Fla. 5th DCA 2006) (remanding for further proceedings where postconviction court failed to address grounds raised in postconviction motion and did not attach portions of the record showing no entitlement to relief). In all other respects, we affirm the order denying Council's motion.

AFFIRMED in part, REVERSED in part, and REMANDED.

LAMBERT and EISNAUGLE, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____