349 So.2d 178 (1977)
Gary William LAVIGNE, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. EE-365.
District Court of Appeal of Florida, First District.
June 1, 1977.
*179 Michael J. Minerva, Public Defender, Margaret Good, Asst. Public Defender, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
MILLS, Judge.
A jury convicted Lavigne of robbery with a firearm. He appeals.
The issue which is determinative of this appeal is whether the trial court erred when it allowed the testimony of a police officer concerning an oral statement made to him by Lavigne which was not disclosed by the State in response to Lavigne's demand for discovery.
As provided by Fla.R.Crim.P. 3.220(a)(1)(iii), Lavigne made written demand upon the State to disclose the substance of any oral statements made by him and known by the State, together with the name and address of each witness to the statement. The State responded, "Statements made to Greg Denton on day in question". Later the State added to its response "oral admissions made to James Larry Andrews". Although the State knew that Lavigne made an oral statement to police officer Sciadini, it did not include this information in its responses to the demand for discovery. In response to Lavigne's notice that he intended to claim an alibi, the State furnished the name of Sciadini as a rebuttal witness. Several days before the trial, the State informed Lavigne that Sciadini would be called as a witness and made him available to Lavigne for interview or deposition. Lavigne neither interviewed him nor took his deposition. At the trial, the State used Officer Sciadini as a rebuttal witness and he was permitted to testify concerning an oral statement made to him by Lavigne. Lavigne objected on the ground that the State failed to comply with his demand for discovery and that the testimony elicited came as a surprise to him. Without making a full inquiry into the circumstances surrounding the State's failure to comply with Lavigne's demand for discovery, as required by Richardson v. State, 246 So.2d 771 (Fla. 1971), the trial court overruled the objection.
Where the State violates a Rule of Criminal Procedure, the trial court must make a full inquiry into all the circumstances surrounding the breach to determine whether the defendant is prejudiced by the State's noncompliance. The State has the burden of showing to the trial court that there is no prejudice to the defendant. Failure of the trial court to make a full inquiry requires reversal of a conviction. Richardson v. State, supra; Cumbie v. State, 345 So.2d 1061 (Fla. 1977), opinion filed 17 March 1977.
The State did not furnish Lavigne with the substance of the oral statement made by him nor did it inform him that Officer Sciadini was a witness to the statement. This was a violation of Fla.R. Crim.P. 3.220(a)(1)(iii). Nevertheless, the trial court failed to make a full inquiry into all the circumstances surrounding the breach and failed to determine whether Lavigne was prejudiced.
The State argues that it informed Lavigne that Sciadini would be a witness at the trial, that the State made Sciadini available for interview or deposition, that Lavigne did not move for a continuance, that Lavigne does not claim prejudice and that the trial court's inquiry was sufficient. None of these arguments has merit. Lavigne had no reason to interview or take Sciadini's deposition because he had not been informed by the State as required by a rule of criminal procedure that Sciadini was *180 a witness to an oral statement made by him. There is no requirement that Lavigne ask for a continuance because the State violated a rule of criminal procedure. The law does not require that a defendant claim prejudice; the law requires that the State prove there is no prejudice to the defendant. The trial court did not make the inquiry required by Richardson v. State, supra. This was error.
Because we are required to reverse the judgment of conviction and remand for a new trial, it is unnecessary that we discuss the other points raised by Lavigne.
Reversed and remanded for a new trial.
McCORD, J., concurs.
BOYER, C.J., concurs specially.
BOYER, Chief Judge, concurring specially.
The law succinctly announced by my brother Mills in the foregoing opinion authored by him is to me shocking, but I concede that it appears to be in conformity with the latest pronouncement by the Supreme Court of Florida in Cumbie v. State, 345 So.2d 1061 (Fla. 1977), Case No. 49,134 not yet reported. The effect of the opinion is to explicitly declare the harmless error statute (F.S. 924.33) and doctrine (Urga v. State, 155 So.2d 719 (Fla. 2nd DCA 1963) inapplicable, as a matter of law, to situations wherein a trial judge permits evidence from a witness whose name was not revealed by the State to a defendant who has made demand for discovery in accordance with the Rules of Criminal Procedure, without the trial court conducting an inquiry into the question of prejudice, whether or not the defendant, on appeal, claims to have been prejudiced.
It is noted that in the foregoing opinion Judge Mills unequivocally asserts:
"Where the State violates a Rule of Criminal Procedure, the trial court must make a full inquiry into all the circumstances surrounding the breach to determine whether the defendant is prejudiced by the State's noncompliance. The State has the burden of showing to the trial court that there is no prejudice to the defendant. Failure of the trial court to make a full inquiry requires reversal of a conviction.

* * * * * *
"* * * The law does not require that a defendant claim prejudice; the law requires that the State prove there is no prejudice to the defendant. * * *" (Emphasis added)
In the foregoing opinion Judge Mills cites as authority, inter alia, Richardson v. State, 246 So.2d 771 (Fla. 1971), as did the Supreme Court in Cumbie v. State, supra. However, in Richardson v. State, the Supreme Court said:
"* * * we hold that the violation of a rule of procedure prescribed by this Court does not call for a reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice or harm to the defendant. * * * Furthermore, the Rule in question must be considered by an appellate court in pari materia with the provisions of our harmless error statute, viz, F.S. 924.33, F.S.A. which provides that rulings or proceedings in criminal cases that are not prejudicial or harmful do not require reversal. As stated in Howard v. State, Fla.App., 239 So.2d 83, supra:
"`The cited statute is but a codification of the "harmless error"' doctrine which has been developed by judicial decision to avoid reversal in cases where it appears that justice has been served and that in all probability a new trial with the same admissible evidence would not alter the end result.'
"See Urga v. State, 155 So.2d 719, Fla. App. 1963, and cases cited therein.
"Therefore, petitioner's contention that the State's non-compliance with the Rule entitles him, as a matter of right, to have a non-listed witness excluded from testifying, or to have a mistrial where it becomes evident during the trial that there existed a witness who probably had knowledge of facts relevant to petitioner's defense, is not tenable. The Rule was designed to furnish a defendant with information which would bona fide assist him in the defense of the charge against him. It was never intended to furnish a *181 defendant with a procedural device to escape justice. * * *" (246 So.2d at page 774)
Later, in Williams v. State, 316 So.2d 267 (Fla. 1975), the Supreme Court, citing and quoting from Richardson v. State, supra:
"We agree with this Standard. It is in accordance with Richardson v. State, 246 So.2d 771, 774 (Fla. 1971), where we said: "`... [W]e hold that the violation of a rule of procedure prescribed by this Court does not call for a reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice or harm to the defendant... .'
"The quoted American Bar Association Standard clearly puts the burden on the defendant to `prove' a `manifest injustice' has occurred. In other words, clear prejudice must be shown. * * *" (316 So.2d at page 274; emphasis added)
On the same date the same court, in Estes v. State, 316 So.2d 276 (Fla. 1975), affirming the result reached by this Court which affirmed appellant's conviction, said:

"Williams v. State, 316 So.2d 267 (Fla. 1975), is controlling. There has been no showing by the defendant of prejudice or manifest injustice. We agree with the District Court of Appeal that the defendant has failed to demonstrate in this record how he has been prejudiced by the particular guilty plea procedure used in this cause. * * *" (316 So.2d at p. 277)
Therefore, in Richardson v. State, Williams v. State, and Estes v. State, the Supreme Court cited and applied the "harmless error" statute and doctrine and required a showing of prejudice as a condition to reversal.
However, in Cumbie v. State, supra, the Supreme Court, in a unanimous per curiam opinion, stated and apparently held:
"The trial court erred in admitting into evidence the testimony concerning the alleged statement of the petitioner without conducting an inquiry into the question of prejudice, and this error is reversible as a matter of law. * * *" (Emphasis added)
Although I personally find it somewhat difficult to reconcile the several cases above cited, it is apparent (at least as of the date of the opinion sub judice) that the Cumbie decision is the latest pronouncement of our Supreme Court and we are mandated to follow it. (Hoffman v. Jones, 280 So.2d 431 (Fla. 1973)
I therefore, albeit with trepidations, concur not only with the result reached but also with the reasoning applied by Judge Mills in the foregoing opinion.