SHIVERS, Judge,
dissenting:
I dissent. Garrett was convicted of robbery and carrying a firearm during the commission of a crime. The heart of his defense was that he was incapable of forming the requisite felonious intent[1] at the time of the offense due to the mixture of alcohol and drugs (marijuana and valium) he had ingested. Members of Garrett’s family testified as to the “stupor” or “catatonic” state Garrett was in shortly after his apprehension. At issue is the refusal of the trial court to admit into evidence the testimony of Dr. Edmund R. Kielman, Chief Medical Examiner for the First Judicial Circuit. The majority holds Dr. Kielman’s testimony was properly excluded because the defense violated discovery rules. I disagree.
The defense initiated pretrial discovery pursuant to Fla.R.Crim.P. 3.220. The State filed a response with Garrett’s codefendant but no copy of the response was served on Garrett. The only discovery was the exchange of witness praecipes. Dr. Kielman was not subpoenaed. Therefore, the State had no notice the defense intended to call Dr. Kielman until the third day of the trial. The trial court refused to permit Dr. Kiel-man to testify after inquiring as to the nature of the doctor’s testimony and the reason his name was not previously disclosed. The trial court did not inquire into other possible methods of curing any prejudice to the prosecution before imposing the extreme sanction of excluding the testimony. The trial court summarily rejected the defense’s suggestion that the trial be recessed to permit the State to depose Dr. Kielman. There was no inquiry as to the length of time it would take the State to locate expert witnesses to rebut Dr. Kiel-man’s testimony. The failure of the trial court to inquire into these matters requires reversal.[2]
Additionally, examination of Dr. Kiel-man’s proffered testimony discloses that he merely testified as to accepted medical facts as to the combined effect that alcohol, marijuana, and valium have on the human body. Dr. Kielman did not testify that in his opinion the defendant was incapable of forming the felonious intent at the time of the offense. Dr. Kielman’s testimony was limited to hypothetical questions. Dr. Kiel-man’s testimony was crucial to the defendant’s case.
I would reverse for a new trial.

. Bell v. State (Fla.1980) (1980 FLW 114).

. Richardson v. State, 246 So.2d 771 (Fla.1971); Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977).