## SANCHEZ v THE STATE OF FLORIDA

### Case No. 84-300-AC

Eleventh Judicial Circuit, Appellate Division, Dade County

April 9, 1986

#### APPEARANCES OF COUNSEL

**Gardana & De La Puente, P.A.,** for appellant.

**Jim Smith,** Attorney General, and **Richard E. Doran,** Assistant Attorney General, for appellee.

Before KAYE, MASTOS, DONNER, JJ.

#### OPINION OF THE COURT

PER CURIAM.

Sanchez appeals his Judgment of conviction for Driving Under the Influence. Appellant contends that the less than 24 hours notice given him by the State to be ready for trial constitutes a violation of the reasonable time provisions of the Florida Rules of Criminal Procedure. We agree.

The facts support the Appellant's contention that Sanchez was ready for trial on three separate occasions when the State requested and was granted a continuance, the last being one day prior to the notice in question.

To avoid unnecessary complications which may ensue with vastly differing interpretations of the Florida Rules of Criminal Procedure

concerning notice, "reasonableness" must be interpreted with fairness and practicality in mind to assure relative equality in the administration of justice required by Rule 3.020.

Rule 3.191 provides the time for trial. The State was granted three continuances and the speedy time was extended once. Prior to the date in questions, the Defendant had consistently announced ready for trial. The State's giving the defense less than 24 hours notice due to their own error in the calculation of the expiration of the speedy trial period forced the Defendant into a compromising position resulting in yet another continuance being granted and this time charged to the defense.

By not giving reasonable notice to the defense, the State violated the rules of criminal procedure. Case law supports the conclusion that when a rule is violated by the State and the record discloses that such non-compliance with the rule results in prejudice or harm to the defendant, the trial court must make a full inquiry into all the circumstances surrounding a failure on the part of the State to comply. The State has the burden of showing to the trial court that there is no prejudice to the defendant and absent such inquiry by the trial court and a lack of showing of no prejudice to the defendant by the State, a reversal of conviction is require. *Lavigne v. State*, 349 So.2d 178 (Fla. App. 1977).

It is evidence from the trial court record that due to the State's non-compliance the defendant was forced to plead nolo contendre with reservation of his right to appeal. There is no mention in the record of any inquiry by the trial court as to the State's violation of the rule or any attempt by the State to show that such non-compliance was not prejudicial to the defendant. In fact, the trial judge summarily denied the defendant's motion for discharge, refusing to hear or read such motion.

The court should not have charged the appellant with a continuance because of appellant's failure to personally appear at trial due to the unreasonably short notice given by the State. Less than 24 hours telegram notice to appear for trial is not "reasonable notice" as required by the Florida Rules of Criminal Procedure. This is especially true under the instant case in which the State has announced "not ready for trial" and telegram notice is given to the defense to be ready the following day.

Therefore, based on the aforementioned reasons, the Appellant should prevail in his Appeal for reversal of Conviction and he should be discharged.

IT IS SO ORDERED.