495 So.2d 1203 (1986)
Edward A. BLATCH, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2115.
District Court of Appeal of Florida, Fourth District.
September 24, 1986.
Rehearing and Certification Denied November 5, 1986.
*1204 Richard L. Jorandby, Public Defender, West Palm Beach, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse and remand for a new trial because of the trial court's error in failing to conduct an adequate hearing pursuant to the case of Richardson v. State, 246 So.2d 771 (Fla. 1971), and in allowing the state to introduce appellant's oral inculpatory statement made to the police, without having advised the defense of the statement in accordance with the rules of discovery.
The state advised the defense that certain police officers had taken a statement from the defendant but did not disclose the contents of the statement. A report made by those officers was furnished to the defense but that report, while discussing exculpatory statements made by the defendant, made no mention of the oral inculpatory statement later offered at trial. It is undisputed that the state was aware of the oral inculpatory statement at the time of discovery. The trial court ruled that the defense, having been advised of the names of the officers, had an obligation to depose them. This is not the law. See Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977). The law requires the disclosure of the substance of any statements made and known by the state to exist as well as the identity of the person to whom it was made:
At the same time, it bears repeating that this court will not countenance trial by ambush. The state has an affirmative duty, upon demand, to furnish full discovery. In particular, when the defendant has made an oral statement, the state must do more than answer "yes" on a printed discovery form. Rule 3.220(a)(1)(iii), Fla.R.Crim.P., requires the state to divulge "the substance of any oral statements . .. together with the name and address of each witness to the statements." The printed discovery form now in use in the Fifteenth Judicial Circuit fails to satisfy this aspect of the rule. As the case at bar indicates, the present format of the local discovery form can be a trap for the prosecution and the defense alike; it should be corrected to assure full compliance with the rule.
Odoms v. State, 431 So.2d 1041 (Fla. 4th DCA 1983) (Hurley, J., concurring) (emphasis in original).
DOWNEY, ANSTEAD and GLICKSTEIN, JJ., concur.