528 So.2d 1334 (1988)
Ronald S. MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 87-97.
District Court of Appeal of Florida, First District.
August 4, 1988.
Michael E. Allen, Public Defender, and Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal of appellant's convictions for two counts of possession and two counts of sale or delivery of cocaine. Appellant argues two issues on appeal, (1) that the trial court erred in allowing the State to introduce a statement made by appellant which was not disclosed to the defense during discovery, and (2) that the court erred in allowing the State to present evidence that appellant had been subpoenaed before a grand jury. We find it necessary to address only the first issue since it requires reversal.
On October 8, 1986, Clay County Deputy Sheriff Howard Curry learned that appellant would sell him some cocaine if Curry showed up at a specified place that night. Curry showed, gave appellant $105, and received a gram of cocaine. Appellant told Curry he could get him more, which Curry noted in his police report. The State made this statement available during discovery.
The following night, October 9, appellant met Curry again and sold him a second gram for the same price. Appellant denied it at trial, but Curry testified that appellant *1335 offered to get him up to a kilo and that appellant said he normally liked to start out supplying smaller amounts, like ounces. Curry never bought any more cocaine from appellant, and in February 1987, appellant was arrested for the October sales.
During pretrial proceedings, appellant's counsel demanded the substance of any oral statements made by the accused, pursuant to appellant's rights under Rule 3.220(a)(1)(iii), Florida Rules of Criminal Procedure. The State's discovery response was "All statements brought out at depositions. Any statements by accused on the arrest and booking reports." The State provided the reports referred to and Curry's police report, but the only statement they mentioned was the one made on October 8 that appellant could get "more." At no time did the State ever inform defense counsel that a second statement, that appellant could provide up to a kilo, had been made the following night. The record reflects that defense counsel never realized that two statements had been made, and although counsel deposed Detective Curry before trial, he questioned him only about the October 8 statement. Consequently, defense counsel believed that "more" referred to the October 9 transaction for a second gram. The defense told the jury in opening argument that appellant's defense would be entrapment. Thereafter, the State put Detective Curry on the stand to testify to the never-disclosed October 9 statement about providing up to a kilo.
At defense counsel's request, the trial court immediately conducted an inquiry to determine whether a discovery violation had occurred. The State indicated that it realized that the two statements were separate, but had not disclosed the October 9 statement because it had not intended to use it until it learned that defense counsel would argue entrapment. The State further argued that its discovery response and conversations with defense counsel indicated to counsel that appellant had made statements, that nothing the State had said limited the statements to a particular day, and that the State was only required to disclose the substance of the statements, which was that appellant had offered to get more.
The trial court ruled that no discovery violation had occurred. The apparent basis for this ruling was that the information charged transactions on two different dates and that defense counsel had had the opportunity to depose Detective Curry about what happened each day. Counsel's response that he did not know that there was anything to ask about because the State's response had not supplied the crucial information, was unavailing. Because the trial court ruled that no discovery violation had occurred, it did not conduct a Richardson inquiry to determine whether appellant was procedurally prejudiced. Richardson v. State, 246 So.2d 771 (Fla. 1971).
We are compelled to reverse. The fact that the defense had access to a witness for deposition does not satisfy the requirements of Rule 3.220(a)(1)(iii), Florida Rules of Criminal Procedure, to disclose an accused's statements. In Blatch v. State, 495 So.2d 1203, 1204 (Fla. 4th DCA 1986), the court held:
The state advised the defense that certain police officers had taken a statement from the defendant but did not disclose the contents of the statement. A report made by those officers was furnished to the defense but that report, while discussing exculpatory statements made by the defendant, made no mention of the oral inculpatory statement later offered at trial. It is undisputed that the state was aware of the oral inculpatory statement at the time of discovery. The trial court ruled that the defense, having been advised of the names of the officers, had an obligation to depose them. This is not the law. See Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977). The law requires the disclosure of the substance of any statements made and known by the state to exist as well as the identity of the person to whom it was made... .
*1336 The State's failure to inform defense counsel about the second statement was wholly improper and violated appellant's discovery rights despite the fact that the State did not initially plan to use the statement. Hickey v. State, 484 So.2d 1271, 1273 (Fla. 5th DCA 1986). The State's further argument that it had provided the "substance" of appellant's statements when it told defense counsel that appellant had offered to get more cocaine, might have provided minimal support for the result below if the State had not taken other actions and given counsel other information which was deliberately calculated to, and did, make counsel believe that the October 8 statement was the only one. The only written information the State provided was the earlier-mentioned police report indicating that one statement had been made on October 8. That report made no reference to an October 9 statement and was the information defense counsel had available when he deposed Curry. Furthermore, following voir dire and defense counsel's announcement that he would argue entrapment, the Assistant State Attorney reiterated in conversation with defense counsel that appellant had said he could provide more cocaine and that the State was going to use that evidence. At the time that conversation occurred, the State knew that two statements had been made and that defense counsel was laboring under a misapprehension. Nevertheless, the State did nothing to clear up the confusion it had created. The Assistant State Attorney's later explanation to the trial court that "he was on notice the defendant made statements ... I don't think I limited that to a day," was less than candid and directly contrary to the record, which shows that everything the State provided appellant did limit the information to a particular day. Therefore, the State filed a nonresponsive discovery answer, supplemented it later with a police report containing partial information creating a false impression, knew that appellant had a false impression, and said nothing.
Finally, we note that if the State did not know about the October 9 statement at the time it filed its initial discovery response, it had a continuing duty to disclose the information under Rule 3.220(f), Florida Rules of Criminal Procedure. This it did not do.
We hold, therefore, that there was a discovery violation and, as there was no Richardson inquiry, prejudice must be presumed and a new trial is mandatory. Smith v. State, 500 So.2d 125 (Fla. 1986). Although the State argues on appeal that appellant did not actually suffer any prejudice, the failure of the trial court to inquire into prejudice below precludes this court from addressing the issue. Smith at 126.
We must reverse the convictions below, although the evidence adduced at trial was more than sufficient to convict appellant of the charged offenses. This is required because the prosecution resorted to ambush tactics in clear violation of defendant's discovery rights. The public is ill served by prosecutorial tactics of this type, which inevitably result in a wasteful duplication of effort and reduced public confidence in the judicial system.
REVERSED and REMANDED for a new trial.
SMITH, C.J., and NIMMONS, J., concur.