ANSTEAD, Judge,
concurring in part and dissenting in part.
I concur with the majority in all respects except resolution of the Richardson issue. A succinct statement of the Richardson rule is set out in Lavigne v. State, 349 So.2d 178, 179-80 (Fla. 1st DCA 1977):
The State argues that it informed La-vigne that Sciadini would be a witness at the trial, that the State made Sciadini available for interview or deposition, that Lavigne did not move for a continuance, that Lavigne does not claim prejudice and that the trial court’s inquiry was sufficient. None of these arguments has merit. Lavigne had no reason to interview or take Sciadini’s deposition because he had not been informed by the State as required by a rule of criminal procedure that Sciadini was a witness to an oral statement made by him. There is no requirement that Lavigne ask for a continuance because the State violated a rule of criminal procedure. The law does not require that a defendant claim prejudice; the law requires that the State prove there is no prejudice to the defendant. The trial court did not make the inquiry required by Richardson v. State, supra. This was error.
In this case, there was a clear discovery violation by the state involving physical evidence and an undisclosed witness. This undisclosed evidence was devastating to the defendant because it linked him by unimpeachable finger print evidence directly to the crime charged. Richardson, of course, allows admission of such evidence only if the state can demonstrate that no prejudice to the defendant will occur if the evidence and testimony is admitted. Contrary to Richardson, the trial court not only put the burden to demonstrate prejudice on the defendant, but also erroneously concluded that defendant’s counsel, because he represented the defendant in another case, should have discovered the evidence now in question, and should have anticipated that the state would use such evidence in the prosecution of this case. This procedure stands the rule of Richardson on its head.