872 So.2d 441 (2004)
Vincent FLORES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4264.
District Court of Appeal of Florida, Fourth District.
May 12, 2004.
*442 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Vincent Flores appeals his convictions for lewd and lascivious molestation on a child and lewd and lascivious battery on a child. The victim was Flores's stepdaughter, L.R. While Flores raises three issues on appeal, we find that his claim regarding the inadequate Richardson[1] hearing is dispositive and requires reversal.
The evidence substantiating the sexual abuse charges came largely in the form of the child's testimony. The child had been examined for physical signs of sexual abuse in January 2000 and, again, in May 2000. The latter exam revealed no signs of trauma or injury. During the earlier exam, nurse practitioner Sandra Gibson had discovered a healed tear on the child's hymen. At trial, it became apparent that defense counsel had not been provided a copy of Gibson's report regarding the January 2000 exam.
Defense counsel sought a side bar, alleging a discovery violation. The prosecutor indicated that, two weeks prior to trial, she realized Gibson had not been listed as a witness. To rectify the situation, the prosecutor called defense counsel, advised him that Gibson would be a witness, and offered to make her available for deposition. The prosecutor could not, however, provide an explanation for the failure to provide defense counsel Gibson's report.[2] Thereafter, the inquiry between the court and counsel turned to defense counsel's *443 failure to depose Gibson prior to trial. Ultimately, the court determined that the remedy for the State's failure to disclose was to allow the State to continue with its questioning of Gibson after defense counsel was provided a copy of the report and afforded the opportunity to review it.
On appeal, Flores takes issue with the adequacy of the Richardson hearing conducted by the court and asserts that he was procedurally prejudiced by the State's failure to disclose. During a Richardson hearing, the trial judge is required to inquire
(1) whether the violation was inadvertent or willful, (2) whether it was trivial or substantial, and (3) whether noncompliance... has prejudiced the opposing party's ability to properly prepare for trial.
Acosta v. State, 856 So.2d 1143, 1144 (Fla. 4th DCA 2003) (citing Portner v. State, 802 So.2d 442 (Fla. 4th DCA 2001)). The only factor that was adequately addressed here was whether the violation was willful or inadvertent. An inadequate Richardson inquiry does not, however, require reversal in all cases. Rather, the failure to conduct an adequate Richardson hearing can be harmless, but "[o]nly if the appellate court can say, beyond a reasonable doubt, that the defense was not procedurally prejudiced by the discovery violation." Id. at 1145.
Flores argues that he was procedurally prejudiced, pointing to the fact that Gibson's testimony regarding the healed scar was the only physical evidence to substantiate the charges and asserting that, had he known of such evidence, he would have called additional witnesses to testify about unrelated sexual activity by L.R. to explain the injury. As we are bound to consider "`every conceivable course of action,'" see Tarrant v. State, 668 So.2d 223, 226 (Fla. 4th DCA 1996) (quoting State v. Schopp, 653 So.2d 1016, 1020-21 (Fla.1995)), in assessing procedural prejudice, we cannot find the error harmless.
The State asserts that, here, any prejudice suffered by the defendant-procedural or otherwise-stems from defense counsel's failure to depose Gibson prior to trial. According to the State, if defense counsel had deposed Gibson, he would have known about the healed tear and "[d]efense counsel cannot fail to depose a witness that he knows about and then claim to be prejudiced by that witness's testimony."
A similar argument was addressed in Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977). There, after the defendant filed his notice of alibi defense, the State provided the defense with the name of Officer Sciadini. Despite being aware that the defendant had made a statement to Sciadini, the State did not inform defense counsel. Rather, several days prior to trial, the State offered to make Sciadini available for deposition. Defense counsel neither interviewed nor deposed the officer. Then, at trial, the officer testified to the undisclosed statement. Defense counsel objected, alleging there had been a discovery violation. Without conducting a full Richardson inquiry, the trial court overruled the objection.
On appeal, the State asserted that the defendant was in no position to claim procedural prejudice because he had been provided the officer's name prior to trial and elected not to depose him to discover what he would say. The First District rejected the argument, reasoning that "Lavigne had no reason to interview or take Sciadini's deposition because he had not been informed by the State as required by a rule of criminal procedure that Sciadini was a witness to an oral statement made by him." 349 So.2d at 179-80.
*444 The instant case is analogous. While it is true that the report prepared as a consequence of the May 2000 exam mentions that there was a January exam, it does not mention Gibson's name, the existence of an earlier report, nor the findings from that earlier exam. Perhaps as a consequence of the limited Richardson inquiry, there is nothing in the record indicating that defense counsel either was or should have been aware that Sandra Gibson was the individual who had performed the January 2000 exam and that there were physical signs of penetration. Thus, the State cannot avoid the consequences of its failure to provide Gibson's report by simply asserting that defense counsel knew Gibson's name and should have deposed her.
Accordingly, having concluded that the Richardson hearing was inadequate and that it cannot be conclusively determined from this record that the discovery violation did not prejudice Flores's trial preparation, we reverse the convictions appealed and remand for a new trial.
WARNER and GROSS, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[2] Florida Rules of Criminal Procedure 3.220(b)(1)(A) and (J) require that the State disclose to the defendant "a list of the names and addresses of all persons known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto" and "reports or statements of experts made in connection with the particular case, including results of physical or mental examinations." Clearly, the State should have provided Gibson's report to defense counsel.