903 So.2d 290 (2005)
Lashawn Eugene McDOWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1235.
District Court of Appeal of Florida, Fourth District.
June 8, 2005.
*291 Carey Haughwout, Public Defender, and Michael Antinori, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
McDowell was convicted for possession of an unauthorized short-barreled shotgun. Because the state's case was based on constructive possession, the address of McDowell's residence was essential evidence.
Following a Richardson[1] hearing, the court permitted an officer witness to testify that McDowell made a statement to the police that he lived at 408 Bethany Court, the residence where the shotgun was found. That statement was not disclosed to defense counsel during discovery. We reverse and remand for a new trial.
Other than the undisclosed statement, there was no evidence that McDowell lived at that residence, which was also occupied by his mother. There was other, admissible, testimony that McDowell told the officer that the shotgun had belonged to his deceased grandfather and that he (McDowell) had previously placed it in the closet where it was found.
In denying relief, the trial court determined that since the defense had been provided with a copy of the arrest affidavit containing his address, such was sufficient disclosure to put the defense on *292 notice that McDowell must have told the officer his address.
The state has an affirmative duty, upon demand, to furnish full discovery. Blatch v. State, 495 So.2d 1203 (Fla. 4th DCA 1986). In Blatch, this court found reversible error in allowing the state to introduce defendant's inculpatory statements made to the police where the state failed to advise the defense of the statements. Full discovery includes disclosure of the substance of all oral statements made by the accused and known by the state to exist, as well as the identity of persons to whom they were made. Id.; Fla. R.Crim. P. 3.220(b)(1)(C). Failure to comply with the disclosure obligation results in a discovery violation requiring a Richardson hearing.
The state asserts that basic background information received at the time of booking (such as name, date of birth, and home address) does not have to be turned over to the defense in discovery, as a statement, where an arrest affidavit reflecting the information is disclosed. We have considered Allred v. State, 622 So.2d 984, 987 (Fla.1993), but deem it inapposite. In Allred, the supreme court recognized that routine booking questions do not require Miranda warnings because they are not designed to lead to an incriminating response. Rather, they are designed to lead to essential biographical data. Here, however, warnings and voluntariness are not the issue. The question in this case is simply one of sufficient disclosure to insure that the defendant will not be prejudiced at trial.
We note that the state also failed to disclose McDowell's admission to the officer that the shotgun was found in his bedroom. That statement was excluded following the Richardson hearing.
We conclude that the fact that the arrest affidavit contains an address, without more, is not sufficient to put the defense on notice that McDowell made a statement to the officer that 408 Bethany Court is his residence. Without the benefit of the officer's testimony as to the statement, the case is severely wounded. Defense counsel should not be required to discern from the arrest affidavit that the defendant made an admission evidencing constructive possession.
Had defense counsel been aware of McDowell's statement, the defense is unlikely to have pursued the adopted strategy that the "defendant didn't live in the apartment where they found the shotgun." Therefore, failure to disclose the statement was prejudicial and it should have been excluded.
FARMER, C.J. and STEVENSON, J. concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla.1971).