PER CURIAM.
Melvin P. Kiser appeals from an order denying a 3.850 post-conviction motion in which he raised a number of claims of ineffective assistance of counsel. With the exception of Kiser’s first claim regarding counsel’s advice as to whether he should testify at trial, which we find to be facially sufficient, we affirm.
Because the record does not conclusively show that Kiser is not entitled to relief on his facially sufficient claim regarding counsel’s advice as to whether he should testify at trial, we remand that claim to the court below for an evidentiary hearing on the issue. See Jacobs v. State, 880 So.2d 548, 558 (Fla.2004) (finding that “[u]nder rule 3.850, a defendant is entitled to an eviden-tiary hearing unless the motion and record conclusively show the defendant is not entitled to relief’); Gordon v. State, 608 So.2d 925, 925-26 (Fla. 3d DCA 1992) (concluding that “when the trial court is confronted with the claim of ineffective assistance of counsel, a finding that some action or inaction by defense counsel was tactical is generally inappropriate, without an evi-dentiary hearing. Instead, counsel should be heard from, and, if necessary, cross-examined as to whether a decision truly was ‘tactical’ ”).
Affirmed in part, reversed in part, and remanded.