PER CURIAM.
Appellant James Osborne appeals a trial court order which summarily denied his motion for post conviction relief from his burglary conviction. We affirm the summary denial of appellant’s claims except for claim (c). In that claim, appellant alleged ineffective assistance of trial counsel for failure to investigate potential defense witness.
First he claims that he failed to call Jewslay who was living in the apartment where the burglary occurred and who allegedly would have said that he sold appellant the television and VCR Osborne was charged with having taken. Also, appellant alleged that defense counsel should have investigated and presented another witness, Wisly Elidor, Sr., who would have said that he told Jewslay to leave his apartment where the burglary occurred, due to the burglary and Jewslay’s possible drug use. Presumably, this would have suggested that Jewslay, rather than appellant, took the television and VCR without permission.
Next, appellant argued that his counsel should have investigated Leon Osborne, who was ready, willing and able to testify that he was with appellant when appellant purchased the television and VCR, and that appellant purchased them from Jews-lay.
Finally, appellant alleged that he asked counsel to investigate the men who were with the State’s witness Coleman at the time Coleman confronted appellant with the television and VCR. He alleged that they would have provided impeachment of State witnesses to the extent that they said that appellant was seen coming out of the burglarized apartment with the television and VCR. Appellant’s allegations satisfied Nelson v. State, 875 So.2d 579 (Fla.2004).
Neither the State response filed below, which only addressed the claim of failure to call Leon Osborne, nor the response filed in this Court adequately refutes this claim of ineffective assistance of trial counsel. To the extent the State has argued that defense counsel’s decision not to call these individuals was strategic or tactical, that would call for an evidentiary hearing. See e.g. Kiser v. State, 903 So.2d 290 (Fla. 3d DCA 2005); James v. State, 881 So.2d 85 (Fla. 5th DCA 2004); Erlsten v. State, 842 So.2d 967 (Fla. 4th DCA 2003).
Accordingly, we reverse the summary denial of this ground for either an eviden-tiary hearing or the attachment of portions of the record that conclusively refute this ground for relief. We affirm the summary denial as to the other claims in the motion for post-conviction relief.
STONE, WARNER and KLEIN, JJ., concur.