925 So.2d 444 (2006)
Kishaune LYNCH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-527.
District Court of Appeal of Florida, Fifth District.
April 7, 2006.
James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
Kishaune Lynch appeals his conviction for sexual battery. He argues that (1) the trial court failed to conduct a Richardson[1] hearing upon learning that the State *445 failed to disclose a prejudicial defendant statement; (2) the trial court abused its discretion by allowing irrelevant victim testimony that improperly bolstered her credibility; and (3) the cumulative effect of the prosecutor's numerous improper closing arguments resulted in fundamental error. We conclude that Lynch's first argument requires reversal and will discuss that issue below. We reject Lynch's second argument without discussion. Judge Torpy addresses Lynch's third argument in a concurring opinion.

Facts
Lynch was charged with the sexual battery of his neighbor, K.B. At trial, K.B. testified that Lynch was an acquaintance. While hanging out in K.B.'s apartment during the early morning hours of August 31, 2003, Lynch sexually battered her. Lynch testified in his defense. He admitted having sex with K.B. but claimed that it was consensual. The jury found Lynch guilty.
Before trial, Lynch demanded discovery. The State responded, indicating it was in possession of statements by the accused. In particular, investigating officer Terry Johnson's charging affidavit alleged that Johnson arrested Lynch on outstanding warrants at Lynch's apartment and transported him back to Johnson's office. There, Lynch agreed to talk and told Johnson "that he did have sex with [K.B.] on the day in question but stated that it was consensual."
At trial, Johnson testified about his investigation. In testifying about his initial contact with Lynch at Lynch's apartment, Johnson testified that:
[d]uring that conversation his  I guess, I'm assuming it was his girlfriend was in and out the door standing there by us. We were standing there talking about it. I said it's alleged you raped this girl, [victim], and we were talking back and forth, he and I, and he was telling me basically, that he never raped the bitch and stuff like that.
(Emphasis added). Lynch's attorney immediately objected to Johnson's testimony, stating, "I object to that statement he made about bitch. I don't know where that came from. I believe we've talked to Officer Johnson before." The trial court overruled the objection, stating, "You can cross-examine him. You can cross him if he hasn't stated that before. Overruled."
Lynch's attorney cross-examined Johnson and established that Johnson never disclosed Lynch's statement that he "never raped that bitch" in his police report or in his deposition.

Analysis
Florida Rule of Criminal Procedure 3.220(b)(1)(C) requires the State to disclose "any written or recorded statements and the substance of any oral statements made by the defendant, including a copy of any statements contained in police reports or report summaries, together with the name and address of each witness to the statements." When the State's failure to comply with this rule is brought to the court's attention, the court must conduct a Richardson hearing to determine if the defendant has been prejudiced. State v. Evans, 770 So.2d 1174 (Fla.2000); Stimus v. State, 886 So.2d 996 (Fla. 5th DCA 2004). A court's failure to conduct a Richardson hearing can be found harmless only if the appellate court can determine, beyond a reasonable doubt, that the defense was not procedurally prejudiced by the discovery violation. Scipio v. State, 928 So.2d 1138, 2006 WL 345025 (Fla. Feb. 16, 2006). Procedural prejudice in this context means whether the defense was materially hindered in its trial preparation and strategy by the discovery violation. Id.
*446 In this case, the State does not dispute the fact that it never disclosed Lynch's statement that he "never raped the bitch" and that the trial court never conducted a Richardson hearing. Instead, the State makes several arguments in support of its claim that no discovery violation occurred.
First, the State argues that when a statement is disclosed, a change of testimony at trial does not equate to a failure to provide discovery. Bush v. State, 461 So.2d 936, 938 (Fla.1984). The State characterizes the offending statement as changed testimony because the defense was aware that Officer Johnson would testify that Lynch admitted having sexual intercourse with K.B. but denied raping her. The only change in Officer Johnson's testimony, according to the State, was the fact that Lynch referred to K.B. as a bitch. Pursuant to Bush, the State argues that no Richardson hearing was required. Instead, the matter was properly handled by allowing the defense to cross-examine Officer Johnson about the discrepancy.
However, the State correctly acknowledges that in State v. Evans, 770 So.2d 1174 (Fla.2000), our supreme court stated that the changed testimony rule in Bush does not extend to defendant statements. Consequently, Bush cannot save the State.
Second, the State argues that there was no change in testimony because the defense never asked Officer Johnson in deposition about his first conversation with Lynch. Accordingly, he did not change his testimony and Lynch should not be heard to complain about any prejudice resulting from his own failure to inquire. This argument is also unavailing. The discovery rules impose an affirmative duty on the State to disclose defendant statements. The defense has no obligation to uncover those statements in deposition. Thus, the fact that the defense had access to a witness for deposition does relieve the State of its obligations under the rules. Martinez v. State, 528 So.2d 1334, 1335 (Fla. 1st DCA 1988).
Third, the State argues that the prosecutor did not know beforehand that Officer Johnson would make the "bitch" reference. This argument lacks merit for two reasons. One, the record does not reveal whether the prosecutor knew of this statement beforehand or not because the trial court never conducted a Richardson hearing. Had the court done so, it could have determined whether the violation was inadvertent or willful. Two, whether a discovery violation is inadvertent or willful does not negate the fact that a violation occurred. See, e.g., Rojas v. State, 904 So.2d 598 (Fla. 5th DCA 2005) (reversing conviction based on discovery violation despite finding that violation was inadvertent).
Alternatively, the State argues that any error in admitting the undisclosed defendant statement was harmless beyond a reasonable doubt. The State contends that because the substance of Lynch's statement to police did not change by inclusion of the word "bitch," his trial strategy was not affected.
However, Lynch persuasively argues that he was prejudiced. He argues that if he had known of the statement beforehand, he would have called his girlfriend, who was present at the time the statement was allegedly made, to deny that he made such a statement. It is undisputed, based on the officer's testimony, that the girlfriend was present. Thus, she may have been able to rebut the officer's testimony on this point.
Lynch's alleged reference to K.B. as "that bitch" was offensive and placed Lynch in a bad light. It also showed antagonism toward the victim, directly undermining Lynch's consent defense. Thus, the potential impact of calling Lynch's girl-friend *447 to rebut the officer's claim would have been very important. What if the girlfriend testified something like, "I wasn't happy with Kishaune hearing him admit to cheating on me, but he never called K.B. a bitch"? Lynch never had the chance to call his girlfriend to rebut this claim because he was blindsided with this alleged statement in the middle of trial and the court failed to conduct a Richardson hearing. Had the court conducted a Richardson hearing and determined the discovery violation was inadvertent, it could have then offered the defendant the opportunity for a brief continuance to obtain the girlfriend's testimony.
Accordingly, we cannot say beyond a reasonable doubt that the error did not procedurally prejudice Lynch.
REVERSED AND REMANDED FOR NEW TRIAL.
SHARP, W., J., concurs.
TORPY, J., concurs specially, with opinion.
TORPY, J., concurring specially.
I agree with the majority opinion. Because a new trial is required, the propriety of closing remarks by the prosecutor is a moot point. However, the State should not view our failure to address this point as tacit approval of the remarks. Indeed, it appears that some of the remarks were improper. During the new trial, therefore, I suggest that the prosecutor avoid improper closing argument or this case might result in yet a third trial if a conviction is obtained through use of improper closing argument.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).