DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LYNESHA DELORES ETIENNE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-2599

[February 8, 2023]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Jill Levy, Judge; L.T. Case No. 20-005939MM10A.

Joseph Zager of Zagerlaw, P.A., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Senior Assistant Attorney General, West Palm Beach, for appellee.

**ON MOTION FOR REHEARING AND CLARIFICATION**

LEVINE, J.

We grant appellant's motion for clarification, deny the motion for rehearing, withdraw our prior opinion, and substitute the following in its place.

Appellant, Lynesha Etienne, appeals her conviction and sentence for battery, alleging the trial court erred in failing to hold a *Richardson* hearing. The victim testified that he gave allegedly threatening messages he had received from appellant to a prior prosecutor, but those messages were not provided to appellant in discovery. Although the trial court erred in failing to hold a *Richardson* hearing in light of a possible discovery violation, we nevertheless affirm because the error was harmless. We write to reiterate the need to hold a *Richardson* hearing when a potential discovery violation occurs. Further, whether the discovery violation is "intentional" or "harmful" to appellant is one of the purposes of conducting a *Richardson* hearing, and a trial court's belief that a discovery violation is unintentional or harmless cannot act as a substitute for holding a *Richardson* hearing when required.

Appellant was charged with battery following an altercation between her and the victim. The victim was appellant's previous coworker with whom appellant had been in a relationship. The victim alleged that appellant had been constantly calling and sending the victim messages as well as making false accusations about the victim to his employer. The victim testified that he and his father went to appellant's house to speak with appellant and her mother to discuss things before they went to the police.

The father approached appellant's house while the victim stayed back and video recorded the interaction with his cell phone. The victim stated that appellant walked out of the house towards the victim. Appellant then struck and kicked the victim, spit on his vehicle, and knocked the victim's phone out of his hands that the victim was using to film the interaction.

During the victim's testimony, defense counsel asked him about the "threatening" messages appellant had sent the victim. The victim stated he had printed the messages to try and get a restraining order against appellant. Defense counsel asked the victim if he had given those messages to the state. The victim testified that he had sent the messages to the initial prosecutor and that a subsequent prosecutor acknowledged receipt of the messages. The prosecutor who acknowledged receipt was not the prosecutor present at trial, who was unaware of the messages.

Thereafter, a bench conference was held. Defense counsel stated he did not have any of the referenced messages. The prosecutor at trial was also not aware of the messages. The prosecutor double checked the prosecution's file but did not find the messages. Defense counsel argued that this was a "huge *Richardson* violation" because the state did not provide appellant with these messages. The state argued that this was not a "*Richardson* hearing" situation because it was not intentional conduct by the state. The trial court asked defense counsel how the omitted discovery was favorable to appellant. The court suggested that defense counsel question the victim about the messages and stated, "If they came from [appellant,] [appellant] has them and she's lying."

The court did not conduct a *Richardson* hearing. Appellant asked for a mistrial, and the trial court denied the motion.

On cross-examination, the victim was shown a screenshot of messages between him and appellant. The screenshot allegedly showed the victim apologizing to appellant for threatening her. The victim stated that the

screenshot was missing messages "in between" and that he was not apologizing for threatening appellant.

Appellant testified and denied ever threatening the victim and further stated that the alleged messages did not exist. Appellant stated that the victim had previously hit and threatened her, which made her feel unsafe and caused her to act the way she did during the incident in question. Appellant entered into evidence the messages which she alleged showed the victim apologizing for threatening her. Appellant said that the messages were an accurate depiction, and the victim was, in fact, apologizing for threatening her.

Appellant also admitted in cross-examination to striking the victim, although she claimed it was in self-defense:

> Q I'm asking you about in the video and that day you made threatening comments about hitting him, correct? You?
>
> A I believe so, yes, me.
>
> Q And you then hit him, correct?
>
> A After he struck me first, yes.
>
> Q Okay, but you hit him, correct?
>
> A Yes.

The jury found appellant guilty of battery. This appeal follows.

We review a trial court's decision whether to hold a *Richardson* hearing for abuse of discretion. *Teets v. State*, 321 So. 3d 841, 845 (Fla. 4th DCA 2021).

"A *Richardson* hearing is required when there is a *possible* discovery violation in order to flesh out whether there has indeed been a discovery violation." *Guy v. State*, 287 So. 3d 620, 625 (Fla. 4th DCA 2019) (citation omitted). Here, it is clear there was a possible discovery violation necessitating a *Richardson* hearing when the victim announced that he had previously provided discoverable material to the state which was not given to appellant.

This court's decision in *Ferrari v. State*, 260 So. 3d 295 (Fla. 4th DCA 2018), is instructive. In *Ferrari*, a witness admitted to wearing a wire

3

during a conversation with a co-defendant. *Id.* at 307. Both parties were surprised by this revelation. *Id.* After further investigation, the state found that multiple tapes existed which were not provided in discovery. *Id.* This court found that the trial court erred in concluding that no discovery violation had occurred. *Id.* at 311.

Like in *Ferrari*, the fact that the trial prosecutor here was unaware of the existence of the evidence was not dispositive. As soon as the victim testified that he had given the messages to the state, a "*possible* discovery violation" had occurred, which required further inquiry by the trial court. *Guy*, 287 So. 3d at 625. It is irrelevant that the victim gave the messages to a prior prosecutor and the trial prosecutor did not have them, since the state is charged with constructive knowledge or possession of the text messages:

> The fact that the assistant state attorney who tried the case was unaware of the violation is not a defense. The state is charged with constructive knowledge of information in the hands of law enforcement officers. Likewise, an assistant state attorney is charged with knowledge of information held by other lawyers and agents working in the state attorney's office.

*Curry v. State*, 1 So. 3d 394, 399 (Fla. 1st DCA 2009) (citation omitted).

The state also argued that because the violation was not intentional, no *Richardson* hearing was required. This is incorrect. Rather, whether the violation was intentional is a factor to be determined by the trial court when conducting a *Richardson* hearing. A *Richardson* hearing includes the following: "whether the violation (1) was willful or inadvertent; (2) was substantial or trivial; and (3) had a prejudicial effect on the aggrieved party's trial preparation." *Brown v. State*, 165 So. 3d 726, 728-29 (Fla. 4th DCA 2015) (citation omitted). Thus, while the trial court could have considered the fact that the state did not intentionally deprive appellant of evidence during the *Richardson* hearing, the trial court was still required to conduct a *Richardson* hearing and examine all factors in full.

Further, the evidence does not have to be favorable to a defendant to necessitate a *Richardson* hearing, as suggested by the trial court. Evidence which is harmful to a defendant can serve as the basis of a discovery violation when it affects the way a defendant would have prepared for trial. For example, in *Brown*, we found the state committed a discovery violation by failing to list the defendant's video admission that he had met with undercover officers at the scene of the crime in a

4

prosecution for sale of drugs to an undercover officer, where the defendant argued at trial that he had been mistakenly identified. 165 So. 3d at 728-29. Even though this evidence obviously did not benefit the defendant, the defendant was still deprived of information to which he was entitled. *Id.* at 729. Thus, it constituted a discovery violation which necessitated a *Richardson* hearing. *Id.* This court also found that the trial court's error in failing to conduct a *Richardson* hearing was not harmless because it "procedurally prejudiced" the defendant's trial preparation by "wholly undermin[ing]" the defendant's defense of mistaken identity. *Id.* at 730.

In this case, even though the trial court erred by failing to conduct a *Richardson* hearing, we nevertheless find that the error does not require reversal as it was harmless. "The trial court's failure to conduct a required *Richardson* hearing is not reversible error per se." *Brown*, 165 So. 3d at 729. Harmless error analysis applies to a trial court's failure to conduct a *Richardson* hearing following a possible discovery violation. "[T]he failure to conduct an adequate *Richardson* hearing can be harmless, but '[o]nly if the appellate court can say, beyond a reasonable doubt, that the defense was not procedurally prejudiced by the discovery violation.'" *Flores v. State*, 872 So. 2d 441, 443 (Fla. 4th DCA 2004) (citation omitted). "A defendant is procedurally prejudiced 'if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different *if it reasonably could have benefited the defendant.*'" *Brown*, 165 So. 3d at 730 (emphasis added) (citation omitted). "An analysis of procedural prejudice . . . considers how the defense might have responded had it known about the undisclosed piece of evidence and contemplates the possibility that the defense could have acted to counter the harmful effects of the discovery violation." *Scipio v. State*, 928 So. 2d 1138, 1149 (Fla. 2006). The state's burden in proving that the error was harmless is "extraordinarily high." *Hicks v. State*, 45 So. 3d 518, 524 (Fla. 4th DCA 2010) (citation omitted).

The trial court's error in failing to hold a *Richardson* hearing in this case was clearly harmless. The state's evidence included a video of the incident, which corroborated the victim's version of events, and showed appellant hitting the victim. Appellant also admitted to battering the victim. The state's evidence without the alleged messages was sufficient to convict appellant of battery. Additionally, appellant's trial preparation was not procedurally prejudiced without the alleged messages. Appellant's sole theory at trial was that she acted in self-defense. Appellant does not argue on appeal how she would have pursued a different defense or trial strategy if she had possession of the alleged messages. *See Pender v. State*, 700 So. 2d 664, 667 (Fla. 1997) (finding error in failing to conduct a

*Richardson* hearing harmless where the forgone evidence "did not contain anything that could have supported a defense other than that taken by the defendants"). Appellant was able to present exculpatory evidence of the victim allegedly apologizing for threatening her, while the state was not able to produce or corroborate any of the inculpatory evidence of threats by appellant. In fact, the state's failure to introduce the alleged messages benefitted appellant because she was able to argue that the messages did not exist. Unlike *Brown,* appellant's argument that she acted in self-defense was not "wholly undermined" by the state's failure to provide the threatening messages appellant sent to the victim. *Brown,* 165 So. 3d at 730. For these reasons, we find that the error was harmless.

In sum, we find that the trial court erred in failing to conduct a *Richardson* hearing; however, we also find that the error was harmless. Thus, we affirm.

*Affirmed.*

CIKLIN and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**